44 A.3d 58

COMMONWEALTH of Pennsylvania, Appellant

v.

Robert MAZZETTI, Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 29, 2011.

Decided June 4, 2012.

556

Nathan Lee Boob, Stacy Parks Miller, Centre County District Attorney's Office, for Commonwealth of Pennsylvania.

Matthew Michael McClenahen, McClenahen Law Firm LLC, State College, for Robert Mazzetti.

Karl Baker, Ellen T. Greenlee, Peter Rosalsky, Defender Association of Philadelphia, Philadelphia, for Appellee Amicus Curiae, Defender Association of Philadelphia.

David R. Crowley, Bellefonte, for Appellee Amicus Curiae, PA Assoc. of Criminal Defense Lawyers & Public Defender Assoc. of PA.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

PER CURIAM.

In this matter of first impression we are asked to decide whether the Commonwealth's waiver of application of the school zone mandatory minimum sentence, under 18 Pa.C.S. § 6317,[1] at the original sentencing precludes the Commonwealth from subsequently seeking its application following the revocation of probation. For the reasons that follow, we conclude that the statutory scheme precludes the Commonwealth from requesting imposition of the mandatory minimum at resentencing after waiving its initial applicability. Accordingly, we affirm the order of the Superior Court.

On July 23, 2008, two men broke into Appellee Robert Mazzetti's apartment and stole marijuana and other items. At the time of the incident, Appellee was a college student residing in an off-campus apartment. Following an investigation into the burglary, the police arrested Appellee and charged him with, *inter alia*, possession with intent to deliver ("PWID") the stolen marijuana. 35 P.S. § 780–113(a)(30).[2]

1. This section states, in pertinent part:

A person 18 years of age or older who is convicted in any court of this Commonwealth of a violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, shall, if the delivery or possession with intent to deliver of the controlled substance occurred within 1,000 feet of the real property on which is located a public, private or parochial school or a college or university or within 250 feet of the real property on which is located a recreation center or playground or on a school bus, be sentenced to a minimum sentence of at least two years of total confinement, notwithstanding any other provision of this title. . . .

18 Pa.C.S. § 6317(a).

2. This section provides:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780–113(a)(30).

On March 2, 2009, pursuant to an agreement, Appellee pled guilty to PWID in exchange for an agreed upon sentence of twelve months of probation and the Commonwealth *nolle prosequied* the remaining charges. At the time of the plea, the Commonwealth agreed to waive the mandatory minimum sentence applicable to possession in a school zone under 18 Pa.C.S. § 6317(a). Consistent with the plea agreement, Appellee was sentenced to twelve months of probation.

Appellee violated his probation on March 8, 2009, when he attempted to steal two jars of honey from a grocery store. Appellee was cited for retail theft, which is graded as a summary offense. The Commonwealth filed a motion to revoke Appellee's probation and provided written notice of its intent to seek the school zone mandatory minimum for the PWID conviction. At the ensuing hearing, Appellee admitted to the violation of probation, which was a new criminal offense. The trial court deferred resentencing, allowing the parties to brief the issue of whether the Commonwealth can ask the court to impose the school zone mandatory minimum at resentencing following the revocation of probation.

Citing the absence of binding authority and the discretionary nature of sentencing following the revocation of probation, the court found that it was not required to impose the mandatory minimum sentence. The trial court explained that the cases relied upon by the Commonwealth, *Commonwealth v. Johnson,* 967 A.2d 1001 (Pa.Super.2009), and *Commonwealth v. Infante,* 585 Pa. 408, 888 A.2d 783 (2005), were inapposite. Accordingly, the trial court declined to apply the school zone mandatory minimum sentence and incarcerated Appellee for ninety days to one year. The Commonwealth appealed, arguing that the court committed legal error.

The Superior Court affirmed in a published opinion. *Commonwealth v. Mazzetti,* 9 A.3d 228 (Pa.Super.2010). The Superior Court found that there was no case law directly on point, rejecting the Commonwealth's citations to *Johnson, supra,* and *Infante, supra,* as misplaced. The court did, however, analogize the case to *Commonwealth v. Kunkle,* 817 A.2d 498 (Pa.Super.2003), *appeal denied,* 577 Pa. 712, 847 A.2d

1280 (2004), which requires the Commonwealth to present evidence justifying the mandatory minimum sentence at the initial sentencing hearing. The Superior Court observed that, where the Commonwealth does not meet this burden, the court is not obligated to apply the mandatory minimum. In the instant case, the Commonwealth "did not provide notice of its intention to seek application of the mandatory minimum sentence under section 6317, nor did it present any evidence on this point" at the original sentencing. *Mazzetti*, 9 A.3d at 232. In fact, the Commonwealth agreed to waive the school zone mandatory minimum. Thus, the Superior Court concluded that the Commonwealth was precluded from seeking the mandatory minimum at resentencing and affirmed the trial court's decision.

The Commonwealth filed a petition for allowance of appeal with this Court, which we granted, limited to the following issue:

Did the Superior Court properly conclude that the Commonwealth is precluded from seeking application of the school zone mandatory minimum upon violation of a sentence of probation?

*Commonwealth v. Mazzetti*, 610 Pa. 295, 18 A.3d 1147 (2011).

The Commonwealth continues to argue that *Johnson, supra,* and *Infante, supra,* are applicable and *Kunkle* is inapposite. It distinguishes *Kunkle* on the basis that it involved an attempt to remedy an evidentiary omission, a situation that is not present herein. Additionally, the Commonwealth contends that the "one bite at the apple mentality" utilized in *Kunkle* has been rejected by this Court and the United States Supreme Court when evaluating the applicability of school zone enhancements at resentencing hearings. *See Commonwealth v. Wilson*, 594 Pa. 106, 934 A.2d 1191 (2007) (permitting the Commonwealth to present sentence enhancement evidence at a sentencing hearing on remand after the original sentence was vacated due to insufficient evidence supporting the enhancement); *Monge v. California*, 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998) (holding that the Double Jeopardy Clause does not preclude retrial in the noncapital

sentencing context where the original sentence was reversed because there was insufficient evidence to support a recidivism sentence enhancement).

The Commonwealth notes that this Court has held that the revocation of probation places a defendant in the same position he was in at the time of the original sentencing. *See Commonwealth v. Wallace,* 582 Pa. 234, 870 A.2d 838 (2005). Thus, upon revocation of probation, the sentencing court has all of the alternatives available at the time of the initial sentencing. *See* 42 Pa.C.S. § 9771(b); *Wallace,* 870 A.2d at 842–43. The Commonwealth also observes that the court is bound to apply a mandatory minimum sentence where applicable. *See* 42 Pa.C.S. § 9721(a.1). Based on the foregoing, the Commonwealth posits that the court was obligated to impose the school zone mandatory minimum.

The Commonwealth also urges this Court to protect the vital role of plea bargaining in the judicial system. It cites policy concerns, arguing that, if the Commonwealth is barred from seeking the mandatory minimum following the revocation of probation, prosecutors will refrain from offering probationary sentences. Thus, the Commonwealth submits that affirming the Superior Court's ruling will have a chilling effect on the plea bargaining process.

Appellee counters that the case law cited by the Commonwealth is inapposite. He concedes that following the revocation of probation, a court has the same alternatives that were available at the time of the original sentencing hearing. Appellee asserts, however, that "the school zone mandatory minimum sentence is never an 'option' for a court, but is only an option for the prosecutor." Brief of Appellee at 8. To this effect, Appellee observes that the mandatory minimum sentence set forth in section 6317 is not automatically triggered by the commission of a drug felony within 1,000 feet of a school; rather, it applies only where the Commonwealth elects the option and provides notice and evidence supporting its applicability. Since the Commonwealth chose not to pursue the mandatory minimum at his initial sentencing, Appellee con-

tends that it was never an "option" for the court, thereby prohibiting its current application.

Appellee responds to the Commonwealth's public policy argument with anecdotal evidence detailing the myriad of reasons prosecutors will continue to offer plea bargains, such that affirmance of the Superior Court's decision will not have the chilling effect suggested by the Commonwealth.[3] Appellee also launches an attack on mandatory minimum sentences generally, claiming that since they are bad as a matter of public policy, we should restrict their applicability.

The Defender Association of Philadelphia ("DAP") submitted an *amicus curiae* brief in support of Appellee.[4] DAP focuses on the statutory language, observing that 18 Pa.C.S. § 6317 requires the Commonwealth to provide notice of its intent to seek the mandatory minimum "before sentencing," with the trial court assessing the applicability of the mandatory minimum "at sentencing." It submits that a provision authorizing the Commonwealth to invoke section 6317 after sentencing, but before resentencing, is conspicuously absent. According to DAP, if the legislature intended such a result, it specifically would have permitted the Commonwealth to invoke the mandatory minimum at any time prior to resentencing, as it did in other statutes. *See, e.g.,* 42 Pa.C.S. §§ 9763(d) and 9774(c). This distinction is critical, DAP avers, in light of "the canon of statutory construction providing that when the General Assembly uses different language in similar statutes, it does so to demonstrate a different legislative intent." Brief of DAP at 10. Consequently, DAP concludes that the statutory language bars the application of the school zone mandatory minimum at resentencing.

---

**3.** According to Appellee, the Commonwealth will continue to offer plea bargains in those cases where there is a need to keep a confidential informant's identity secret and where the prosecution's case is weak.

**4.** The Pennsylvania Association for Criminal Defense Lawyers and the Public Defender Association of Pennsylvania jointly submitted an *amicus curiae* brief also urging affirmance of the Superior Court's decision. Since the arguments presented therein are similar to those already discussed, we will not address their brief separately.

DAP further avers that section 9771 of the Sentencing Code, providing that "[u]pon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing," 42 Pa.C.S. § 9771(b), does not support the Commonwealth's position. It contends that the sentencing alternatives available to the court at the time of Appellee's initial sentencing included non-section 6317 penalties because the parties negotiated, and the trial court imposed, a non-section 6317 penalty. Therefore, a non-section 6317 sentence was available at resentencing precisely because it was available at the initial sentencing.

In addressing the case law cited by the Commonwealth, DAP contends that *Wallace, supra,* "endorses full and free judicial resentencing discretion" because we held therein that the resentencing judge has full discretion to impose any otherwise lawful sentence upon the revocation of probation. Brief of DAP at 19. It asserts that the Commonwealth's position runs directly counter to this concept because it limits the sentence that could be imposed. Stated differently, DAP posits that the mandatory minimum could not have been imposed because it would run counter to *Wallace* and the language of section 9771, neither of which limits the judge's sentencing power. DAP also avers that *Wilson* and *Infante* are inapposite given their individual facts and procedural postures, and that *Kunkle* does not compel the result sought by the Commonwealth.

Finally, DAP rejects the public policy argument espoused by the Commonwealth, noting that the parties simply need to agree whether the non-election of the mandatory minimum will continue to apply at a subsequent resentencing or whether it is a "one time only" opportunity. Brief of DAP at 23–24. Thus, DAP urges us to affirm.

■ In the case *sub judice,* we must assess the applicability of the school zone mandatory minimum sentence following the revocation of probation. Accordingly, we are presented with a question of law for which our scope of review is plenary, and

our standard of review is *de novo*. *Commonwealth v. Mallory*, 596 Pa. 172, 941 A.2d 686, 694 (2008).

This Court has not previously evaluated section 6317's applicability in the context of resentencing following the revocation of probation. Accordingly, we find the Superior Court's attempt to fit this case within the framework of *Kunkle, supra*, misplaced.[5] In *Kunkle*, the defendant entered a guilty plea to delivery of a controlled substance. Thereafter, the Commonwealth provided notice of its intent to seek the mandatory minimum sentence under section 6317(a). The court applied the mandatory minimum sentence even though the Commonwealth failed to present any evidence regarding where the drug sale occurred. The defendant filed a timely motion for modification of sentence, alleging that application of the mandatory minimum was improper because the Commonwealth failed to meet its burden of proof. Following a hearing, the trial court granted the defendant's motion, vacated the sentence, and sentenced the defendant to three years of probation. The Commonwealth then filed a motion to modify the sentence, proffering evidence supporting the application of the mandatory minimum. The court refused to entertain the motion, and the Commonwealth appealed to the Superior Court.

The Superior Court found that under section 6317(b), the Commonwealth must present its evidence at the original sentencing hearing. "[W]e conclude that where, as here, the Commonwealth fails to meet that burden, the sentencing court shall not apply the sentence enhancement, and the Commonwealth cannot circumvent the mandates of section 6317 by filing a motion for modification of sentence." *Kunkle*, 817 A.2d at 500. Applying *Kunkle* to the instant case, the Superior Court concluded that the mandatory minimum was not applicable because the Commonwealth did not provide evi-

5. We find the Commonwealth's reliance on *Infante* and *Johnson, supra*, similarly misplaced. Neither case addressed whether the Commonwealth may compel the court to impose the mandatory minimum under section 6317(a) upon resentencing. Accordingly, while *Infante* and *Johnson* are instructive on general points of law, they are not dispositive of the issue before us.

dence substantiating its application at Appellee's initial sentencing.

While we ultimately agree with the Superior Court's conclusion, we find *Kunkle* inapplicable. The Superior Court failed to acknowledge the procedural posture of *Kunkle,* which is markedly different from the situation presented herein. Clearly, *Kunkle* concerned an appeal by the Commonwealth of the original sentence whereas the instant matter involves resentencing following a revocation of probation. Consequently, we reject any attempt to conform this case to *Kunkle*'s framework.

■  In contrast to the case-based approach utilized by the courts below, we resolve the present matter by reviewing the statutory language. As such, we begin our analysis with a review of the three relevant sentencing statutes.

Section 9721(a), governing sentencing generally, provides:

In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

   (1) An order of probation.

   (2) A determination of guilt without further penalty.

   (3) Partial confinement.

   (4) Total confinement.

   (5) A fine.

   (6) County intermediate punishment.

   (7) State intermediate punishment.

42 Pa.C.S. § 9721(a). Pursuant to subsection (a.1), "subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law." 42 Pa.C.S. § 9721(a.1). Thus, where a mandatory minimum sentence applies, the court is deprived of the discretion to impose any of the specified alternatives.

Relatedly, section 9771(b) grants the court the authority to "revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S. § 9771(b).

As the parties note, when revocation occurs, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." *Id.* Nonetheless, the court may not impose a sentence of confinement unless it finds that: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S. § 9771(c). Thus, the ability of a court to order total confinement following a violation of probation is statutorily circumscribed.

Also pertinent to our review is section 6317, under which an individual convicted of violating section 13(a)(14) or (30) of the Controlled Substance, Drug, Device and Cosmetic Act, shall, notwithstanding any other statute to the contrary, be sentenced to a minimum of two years of total confinement if the delivery or possession with intent to deliver occurred within 1,000 feet of real property on which a school, college, or university is located. 18 Pa.C.S. § 6317(a). Significantly, the Commonwealth must provide reasonable notice of its intention to proceed under this section "after conviction and before sentencing." 18 Pa.C.S. § 6317(b). Furthermore, the applicability of section 6317 "shall be determined at sentencing," and the court must consider evidence presented at trial and afford the parties an opportunity to present necessary additional evidence in order to determine, by a preponderance of the evidence, if section 6317 applies. *Id.* Where it does apply, the court does not possess the authority to impose a lesser sentence or "place the defendant on probation." 18 Pa.C.S. § 6317(c).

■ Reading these statutes *in pari materia*, 1 Pa.C.S. § 1932,[6] the following sentencing scheme emerges. The court has the authority to consider and select from various statutori-

6. Under this canon of statutory construction, statutes or parts thereof are *in pari materia* when they relate to the same persons or things or to the same class of persons or things. 1 Pa.C.S. § 1932(a). "Statutes *in pari materia* shall be construed together, if possible, as one statute." 1 Pa.C.S. § 1932(b).

ly-defined sentencing alternatives, unless a mandatory minimum sentence applies. 42 Pa.C.S. § 9721. When, as is the case herein, the conviction stems from a drug felony committed within 1,000 feet of the real property of an educational institution, there is a mandatory minimum sentence of two years total confinement. 18 Pa.C.S. § 6317(a). This section prescribes, however, when the Commonwealth must provide notice that it intends to pursue the mandatory minimum (after conviction and before sentencing) and when applicability is assessed (at sentencing). Thus, a sentencing court has numerous options, unless a mandatory minimum applies and the Commonwealth follows the statutorily prescribed notice and proof requirements.

In the instant case, at the time Appellee was sentenced, the court had the ability to impose any of the alternatives detailed in section 9721(a) because there was no mandatory minimum sentence otherwise imposed by law under section 9721(a.1). It is undisputed that at the time of Appellee's initial sentencing, the Commonwealth agreed to waive the school zone mandatory minimum. Consequently, the Commonwealth did not provide notice or present evidence demonstrating that the drug offense for which Appellee pled guilty occurred within the requisite distance of the real property of an educational facility. Since the Commonwealth did not comply with the statutory requirements, the court did not have the duty, or even the ability, to apply section 6317 at Appellee's initial sentencing. Thus, it was within the trial court's authority to sentence Appellee to a term of probation rather than confine him to prison.

The extant question involves the interplay between sections 6317 and 9771(b). Pursuant to section 9771(b), when a revocation occurs, the court has all the sentencing alternatives that were "available at the time of initial sentencing." Since the court did not have the option to apply the mandatory minimum at Appellee's initial sentencing, the Commonwealth could not compel its imposition at resentencing. Upon resentencing, the court is vested with the same alternatives it initially possessed. As it was not within the court's ability to impose

the mandatory minimum upon Appellee at his initial sentencing, the court was not bound by the mandatory minimum at resentencing.[7]

This Court's pronouncement in *Wallace, supra,* supports the notion that the trial court was not bound by the mandatory minimum sentence. If we were to find that the Commonwealth is permitted to seek imposition of the mandatory minimum after waiving its initial applicability, the court would be denied its "free[dom] to impose any sentence permitted," which existed at the time of initial sentencing. *Id.* at 843–44. In other words, forced application of the mandatory minimum sentence precludes the court from resorting to any of the options that were available at the time of the original sentence. Thus, requiring the court to apply section 6317 would result in a *de facto* restriction on sentencing alternatives, in violation of section 9721 and our jurisprudence.

Our holding also comports with the dictates of section 6317. The requirements of this section are specific; if the Commonwealth seeks application of the mandatory minimum, it must provide notice of its intent "after conviction and before sentencing" so that a determination on applicability can be made "at sentencing." By strictly prescribing the notice and evidentiary requirements in this section, the legislature has conveyed its intent to preclude the Commonwealth from seeking to

---

7. According to the Commonwealth, *Commonwealth v. Wilson,* 594 Pa. 106, 934 A.2d 1191 (2007) and *Monge v. California,* 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), rejected this "one bite at the apple" approach. We disagree. *Wilson* concerned whether the Commonwealth could present evidence supporting the application of the youth/school sentence enhancement, 204 Pa.Code § 303.9(c), on remand after the initial sentence was vacated. We permitted the admission of this evidence since vacating the sentence rendered it a legal nullity, thereby allowing the court to treat the case anew for evidentiary purposes. In *Monge,* the United States Supreme Court held that the Double Jeopardy Clause does not preclude retrial in the noncapital sentencing context where the original sentence was reversed because there was insufficient evidence to support a recidivism sentence enhancement. Significantly, both cases involved resentencing after the original sentence was overturned on appeal, not resentencing in the context of a probation revocation. Consequently, these cases are inapposite and do not support the Commonwealth's claim that this Court and the High Court have rejected the so called "one bite at the apple" approach.

impose the mandatory minimum anytime other than "at sentencing." As previously noted, the Commonwealth specifically waived the mandatory minimum sentence, electing to forego the opportunity to provide notice and evidence in accordance with section 6317(b). Consequently, the Commonwealth's efforts to seek the imposition of the mandatory minimum sentence following a probation violation do not conform to the requirements of section 6317(b).

In reaching this conclusion, we note that a provision authorizing the Commonwealth to invoke the mandatory minimum after sentencing, but before resentencing, is conspicuously absent from the statutory scheme. While this distinction may seem hyper-technical—sentencing being a general term that subsumes resentencing—it becomes relevant when compared with other provisions that explicitly authorize the invocation of a mandatory minimum at resentencing.

For example, section 9721(a.1) acknowledges that 42 Pa.C.S. § 9763 authorizes the trial court to impose a sentence of county intermediate punishment even if there is an applicable mandatory minimum.[8] Correspondingly, section 9763(d) provides that following a violation of a condition of county intermediate punishment, "the attorney for the Commonwealth may file notice at any time prior to **resentencing** of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence," regardless of any other statutory provision mandating notice prior to sentencing. 42 Pa.C.S. § 9763(d) (emphasis added). Similarly, 42 Pa.C.S. § 9774[9] permits the Commonwealth to seek a mandatory minimum sentence following the revocation of state intermediate punishment, provided that the Common-

---

8. 42 Pa.C.S. § 9721(a.1) provides, "Unless specifically authorized under section 9763 (relating to a sentence of county intermediate punishment) or 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment), subsection (a) [setting forth sentencing alternatives] shall not apply where a mandatory minimum sentence is otherwise provided by law."

9. This section provides: "The attorney for the Commonwealth must file notice, at any time prior to **resentencing**, of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence." 42 Pa.C.S. § 9774(c) (Emphasis added).

wealth files notice of its intention at any time prior to resentencing.

Thus, in several other instances, the General Assembly specifically delineated the procedures and alternatives available upon resentencing. No such provision appears in relation to the revocation of probation. This Court may not "supply omissions in a statute, especially where it appears that the matter may have been intentionally omitted." *L.S. ex rel. A.S. v. Eschbach*, 583 Pa. 47, 874 A.2d 1150, 1156 (2005). Similarly, where the legislature includes specific language in one section of a statute and excludes it from another section, the language may not be implied where excluded. *Fonner v. Shandon, Inc.*, 555 Pa. 370, 724 A.2d 903, 907 (1999). "Moreover, where a section of a statute contains a given provision, the omission of such a provision from a similar section is significant to show a different legislative intent." *Id.*

Under sections 9763(d) and 9774(c), the General Assembly specifically permitted the Commonwealth to seek the mandatory minimum sentence following a violation of county intermediate punishment or a termination of state intermediate punishment. Noticeably absent is a parallel provision permitting such action following a revocation of probation. We will not amend the statutory scheme to permit the Commonwealth to seek the mandatory minimum where the General Assembly has refused to sanction such an action; this remains the province of the legislature, not the judiciary. Thus, we decline to find that the Commonwealth could compel the court to impose the mandatory minimum following the revocation of Appellee's probation.

The policy arguments the Commonwealth presents in support of its position are unavailing and significantly overstate the potential negative implications our decision will have on the plea bargaining process. We have no doubt that affirming the Superior Court will not result in a categorical elimination of plea agreements containing probationary sentences where a mandatory minimum might apply. Our decision does nothing to alter the fact that the Commonwealth retains the option to

seek the mandatory minimum at the initial sentencing. Similarly, upon a violation of probation, it has the ability to argue for a harsher sentence based on the nature of the transgression. Thus, the anecdotal evidence presented fails to convince us that our holding will have a chilling effect on the plea bargaining process.

In sum, we find that the Commonwealth did not have the ability to seek the mandatory minimum sentence under section 6317 following the revocation of Appellee's probation. Since the trial court is vested with the same alternatives at resentencing that were originally available, and the Commonwealth waived the initial applicability of the mandatory minimum, the court had no obligation to apply the same at resentencing. To hold otherwise would violate the notice and evidentiary requirements of section 6317 and impermissibly restrict the authority of the trial court. Moreover, the General Assembly has authorized the Commonwealth to seek the mandatory minimum at resentencing in only two instances: a violation of either county or state intermediate punishment. The absence of a parallel provision permitting this action following the revocation of probation indicates that the legislature has specifically prohibited the invocation of the mandatory minimum sentencing provision in the manner suggested by the Commonwealth.

Affirmed.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE, Justices SAYLOR, BAER, and TODD join the per curiam opinion.

Justice EAKIN files a concurring opinion.

Justice McCAFFERY files a dissenting opinion.

Justice EAKIN, concurring.

I agree with the *per curiam* opinion's conclusion that the Commonwealth could not compel the trial court to apply the mandatory minimum sentence at Appellee's resentencing. I

write separately to acknowledge the Commonwealth's ability to reserve the right to seek the mandatory minimum sentence should the terms of the plea agreement be violated. That is, waiver of the mandatory here could have been expressly premised on successful completion of probation; a violation of probation would bring it back into play.

Just as the Commonwealth could waive the mandatory minimum sentence in exchange for Appellee agreeing to certain terms and conditions, it also possesses the ability to reserve the right to re-invoke its options should the terms or conditions of the plea agreement be violated. Here, the Commonwealth did not reserve such a right, and hence I join the *per curiam* opinion.

Justice McCAFFERY, dissenting.

In my view, the *per curiam* determination that a mandatory minimum sentence is not a permissible sentence upon revocation of probation conflicts with settled statutory and decisional precedent mandating that upon revocation, sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing. Moreover, I disagree with the *per curiam* view that principles of statutory interpretation suggest that the legislature intended to prohibit, by implication, the imposition of mandatory minimum sentences upon revocation of probation. In my view, the legislature has plainly stated that upon revocation of probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, and that mandatory minimum sentences must be imposed for prescribed offenses when the Commonwealth gives notice of its intent to proceed under a mandatory minimum provision and provides adequate proof at sentencing that such a provision applies. Additionally, the Sentencing Code contains numerous mandatory minimum sentence provisions that, for all practical purposes, are identical to the instant provision. Thus, the effect of the *per curiam* decision today is that, absent legislative amendment to the Sentencing Code, no person on probation for commission of any offense punishable by a mandatory

minimum sentence, including offenses committed with a firearm, or second or subsequent violent offenses, may properly be sentenced to the applicable mandatory minimum upon revocation of probation, despite having received notice of the Commonwealth's intent to proceed thereunder. Such a result is unacceptable in my view. Accordingly, I respectfully dissent.

The relevant facts in this matter show that Appellee was charged with one count of possession with intent to deliver narcotics ("PWID") and four counts of simple possession of marijuana, amphetamine, methylphenidate and drug paraphernalia. As part of a negotiated plea agreement, in exchange for Appellee's agreement to plead guilty to the one count of PWID, the Commonwealth dropped the other charges and agreed to forego seeking a two-year school-zone mandatory minimum sentence, and to recommend a probationary sentence. Appellee entered the negotiated plea, and the court sentenced him to 12 months' probation.

Six days after being sentenced pursuant to his negotiated plea, Appellee was apprehended stealing two jars of honey from a Wegman's supermarket, and was ultimately convicted of retail theft as a summary offense. The Commonwealth filed a motion to revoke Appellee's probation on the PWID conviction due to his summary retail theft conviction. In its motion, the Commonwealth provided notice to Appellee and the court of its intention to seek the school-zone mandatory minimum.

At a hearing on the motion, the court revoked Appellee's probation, but questioned whether the Commonwealth had the authority to proceed under the school-zone mandatory minimum provision at the probation revocation stage because it had waived proceeding under that provision at the initial sentencing. The court asked the parties to brief the issue and continued the sentencing hearing. Subsequently, the court opined that the Commonwealth could not proceed under the school-zone mandatory minimum provision at the probation revocation stage. The court then sentenced Appellee to 90 days to 12 months' incarceration. The Commonwealth appeal-

ed, the Superior Court affirmed, this Court granted allowance of appeal, and the *per curiam* decision now holds that the Superior Court properly ruled that the Commonwealth is precluded from seeking application of the school-zone mandatory minimum for a PWID conviction upon violation of a sentence of probation.

Section 9771(b) of the Sentencing Code addresses modification and revocation of probation and provides as follows:

(b) Revocation.—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

42 Pa.C.S. § 9771(b).

The school-zone mandatory minimum statute requires the imposition of a minimum two year sentence of imprisonment if a defendant is convicted of PWID within 1000 feet of a school, and provides in relevant part:

(b) Proof at sentencing.—The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

18 Pa.C.S. § 6317(b).[1]

Instantly, the *per curiam* opinion correctly states that "the extant question involves the interplay between sections 6317

---

1. The instant proof at sentencing provision is, for all practical purposes, identical to the proof at sentencing provisions contained in a number of other mandatory minimum sentence statutes, including, but not limited to: 42 Pa.C.S. § 9712 (sentences for offenses committed with firearms),

and 9771(b)," and concedes that "upon resentencing, the court is vested with the same alternatives it initially possessed." *Per Curiam* Opinion, at 65. However, in my view, the *per curiam* opinion makes too much of the fact that the Commonwealth agreed to waive the mandatory minimum at initial sentencing, suggesting that the Commonwealth's decision to decline to seek a mandatory minimum in exchange for Appellee's guilty plea, conclusively establishes the unavailability of the mandatory minimum sentence as a sentencing alternative at the revocation of probation stage. The *per curiam* opinion effectively ignores the undisputed fact that had the Commonwealth sought and proved the applicability of the mandatory minimum at initial sentencing, the court would have been obligated to impose it, and, more importantly, that the mandatory minimum sentence was not "available" at initial sentencing only by **conditional** agreement of the parties and the court. The Commonwealth, as part of a plea bargain, agreed not to proceed under the mandatory minimum provision, agreeing instead to recommend a probationary sentence in exchange for Appellee's agreement to enter a guilty plea and abide by conditions imposed by the court, and the court agreed to accept that plea. Abiding by the conditions of his probationary sentence was a critical part of Appellee's agreement in the bargained-for exchange; the agreement was not merely to enter a guilty plea.

In my view, after Appellee violated the conditions of his probation by engaging in retail theft, he returned to the position he was in at the time of his original sentencing when all sentencing alternatives existed unconditionally, including the mandatory minimum. Our jurisprudence makes clear that it is of no moment, for purposes of resentencing upon revocation of probation, that the Commonwealth waived the mandatory minimum as part of a plea agreement, as that erstwhile

42 Pa.C.S. § 9712.1 (sentences for certain drug offenses committed with firearms), 42 Pa.C.S. § 9713 (sentences for offenses committed on public transportation), 42 Pa.C.S. § 9714 (sentences for second or subsequent offenses), 42 Pa.C.S. § 9718 (sentences for offenses against infant persons), 42 Pa.C.S. § 9718.2 (sentences for sex offenders), and 42 Pa.C.S. § 9719 (sentences for offenses committed while impersonating a law enforcement officer).

agreement cannot bind the parties or the court at the resentencing stage.

In *Commonwealth v. Wallace*, 582 Pa. 234, 870 A.2d 838 (2005), this Court reviewed whether the Superior Court had erred in holding that a trial court, in resentencing a defendant after revoking his probation, is restricted to the maximum term of imprisonment prescribed by the original negotiated guilty plea.[2] We began our analysis by citing to 42 Pa.C.S. § 9771 and its provision that "upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." *Wallace* at 842. We held that the statutory authority and case law make clear that at any revocation of probation hearing, the court is free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor. *Id.* at 843.

We specifically noted:

The rationale for giving the trial court such discretion upon resentencing is grounded in the nature of a negotiated guilty plea, which is a two-sided agreement that imposes obligations on both the defendant and the Commonwealth. On the one hand, the Commonwealth agrees not to prosecute the defendant to the full extent of the law and to recommend a circumscribed punishment. The defendant, on the other hand, accepts this benefit with the implicit

---

**2.** In *Wallace,* pursuant to the defendant's negotiated guilty plea to three counts of PWID, the court initially sentenced him to three concurrent terms of twenty-one to forty-two months' imprisonment followed by two years' probation. While on probation, the defendant committed another drug offense, and upon revocation of probation, the court sentenced him to three consecutive terms of five to ten years' imprisonment, the statutory maximum sentence available under the Sentencing Code. The defendant appealed and claimed the sentence was illegal, and the Superior Court agreed, reversing and remanding for resentencing. On remand, the court sentenced the defendant to three concurrent terms of five to ten years' imprisonment, and the defendant appealed once again. The Superior Court ultimately remanded to the trial court for resentencing "limited to the terms of the plea agreement it accepted at the time of original sentencing, that is: concurrent terms with an outside limit of five and one-half years." *Id.* at 842. This Court granted the Commonwealth's petition for allowance of appeal.

promise that he will abide by the terms of the agreement and behave in accordance with the legal punishment imposed by the court.

... As a result, if the defendant fails to satisfy his obligations, e.g., by violating probation, he necessarily forfeits any entitlement to a circumscribed punishment.

*Id.* at 843 n. 6 (additional citations omitted).

The "circumscribed punishment" agreed to here by the Commonwealth was its not seeking imposition of the mandatory minimum sentence. By failing to satisfy his obligation to avoid criminal activity, Appellee has forfeited any entitlement to the former agreement and offer of circumscribed punishment. Therefore, the sentencing alternatives available to the court upon revocation, being the same as were "available" at the initial sentencing, included the Commonwealth's proceeding under the mandatory minimum provision, which would have bound the court, assuming proper notice had been given and the applicability of the provision demonstrated, just as surely as the court's acceptance of the negotiated agreement bound it to impose a probationary sentence initially.[3]

---

**3.** In a well-reasoned concurring and dissenting opinion in *Wallace, supra,* Justice Saylor correctly pointed out that the analysis of the issue of "available" sentences should recognize that, upon revocation, the imposition of any sentence exceeding that contemplated by the plea agreement is not in strict conformity with the statutory requirement that "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." *Id.* at 849 (Saylor, J. concurring and dissenting) (citing 42 Pa.C.S. § 9771(b)). This is so because the trial court would not previously have had the option of sentencing outside the terms of the agreement without offering the defendant the opportunity to withdraw the plea. Here, the imposition of a mandatory minimum is also not in strict conformity with the statutory language. The court would not have previously had the option to impose a mandatory minimum sentence because the Commonwealth had agreed not to proceed under the mandatory minimum provision. Nevertheless, as Justice Saylor has correctly pointed out, *see id. (citing Commonwealth v. Fusselman,* 866 A.2d 1109, 1113 (Pa.Super.2004)), strict adherence to the statutory language would lead to absurd results since, for example, imposition of a term of incarceration would be "unavailable" on resentencing where the plea agreement did not contemplate incarceration. In my view, the "unavailability" of a mandatory minimum provision on revocation simply because the Commonwealth agreed not to proceed thereunder initially in exchange for the entry of a guilty plea, is an equally unacceptable and absurd result.

The *per curiam* opinion views the availability of a mandatory minimum on revocation as an infringement upon the sentencing court's discretion. "If we were to find that the Commonwealth is permitted to seek imposition of the mandatory minimum after waiving its initial applicability, the court would be denied its 'free[dom] to impose any sentence permitted[.]'" *Per Curiam* Opinion, at 567, 44 A.3d at 66 (citing *Wallace, supra* at 843–844). The *per curiam* opinion concludes that "requiring the court to apply section 6317 would result in a *de facto* restriction on sentencing alternatives[.]" *Id.*

The reasoning of the *per curiam* disposition, as I see it, begs the question whether a court has any discretion at all in a mandatory minimum sentencing situation. In my view, it does not, as the purpose of a mandatory minimum provision is to remove sentencing discretion and to require the imposition of a sentence of a particular minimum length as directed by the legislature, where the Commonwealth has given notice and proven the applicability of the particular sentencing provision. In my opinion, the instant *per curiam* decision to remove the availability of mandatory minimum sentences at resentencing for probation violations on the rationale that such sentences restrict a sentencing court's discretion, creates an artificial distinction between sentencing and resentencing, and eviscerates the meaning of the term "mandatory."

Moreover, the rule announced today conflicts with actual sentencing practices in Pennsylvania that have heretofore been recognized as proper by this Court. In *Commonwealth v. Infante*, 585 Pa. 408, 888 A.2d 783 (2005), pursuant to a negotiated guilty plea to two counts of PWID, the court sentenced the defendant to two concurrent terms of one year intermediate punishment followed by two years' probation, in lieu of a mandatory minimum sentence of three years' incarceration. *See* 18 Pa.C.S. § 7508(a)(3) (where defendant is convicted of trafficking between 2 and 10 grams of cocaine and has prior trafficking conviction, three-year mandatory minimum prison sentence required). Subsequently, the defendant violated the terms of his probation, and upon revocation of probation, the court imposed the mandatory minimum sen-

tence. This Court held that the sentencing court did not lack authority to revoke the defendant's probation and, on resentencing, to impose "the mandatory minimum sentence that the General Assembly has fixed for his crimes. The Superior Court was in error to hold otherwise." *Id.* at 794.[4]

Additionally, I disagree with the *per curiam* opinion's statutory interpretation analysis that observes a distinction between sentencing and resentencing with respect to the imposition of mandatory minimum sentences as reflective of legislative intent. The revocation of probation statute, which makes no distinction between sentencing and resentencing, was enacted in 1980. 42 Pa.C.S § 9771. The proof at sentencing provision here, which similarly makes no distinction between sentencing and resentencing, was enacted in 1997. 18 Pa.C.S. 6317(b). The proof at sentencing provision here is identical to the proof at sentencing provisions contained in many other statutes enacted in the 1980s and 1990s, which make no distinction between sentencing and resentencing. See n. 1, *supra*. The courts of Pennsylvania have consistently construed the revocation of probation statute to mean that which it expresses, *i.e.,* that upon revocation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing. *Wallace, supra.*

This Court has recognized that "legislative intent to effectuate a drastic change in the law is not to be inferred by mere omission and implication." *Fonner v. Shandon, Inc.,* 555 Pa. 370, 724 A.2d 903, 906 (1999). Nevertheless, the *per curiam* opinion now concludes that the legislature intends for mandatory minimum sentences to be available only at initial sentencing or upon revocation of county and state intermediate punishment. The *per curiam* opinion grounds its determination

4. I recognize that the propriety of the imposition of the mandatory minimum sentence upon revocation of probation was not squarely at issue in *Infante,* but the holding in the case reflects the accepted practice in Pennsylvania of the Commonwealth's seeking a mandatory minimum sentence at the revocation of probation stage where probation had initially been imposed pursuant to a negotiated guilty plea agreement in lieu of the mandatory minimum sentence.

on the legislature's enactment of statutes for revocation of county and state intermediate punishment in 2004, which expressly provide that the Commonwealth may give notice of its intention to proceed under a mandatory minimum provision prior to "resentencing." 42 Pa.C.S. § 9763(d); 42 Pa.C.S. § 9774(c).

In my view, it is erroneous to conclude that the legislature intended revocation of intermediate punishment to be treated differently than revocation of probation. Intermediate punishment and probation are similar in many ways, and both generally establish conditions the violation of which typically results in the imposition of increased punishment. "Intermediate punishment is described as the conditions that a court can place on a defendant in lieu of total or partial confinement." *Commonwealth v. Koskey*, 571 Pa. 241, 812 A.2d 509, 512 (2002). Similarly, "[a]s commonly defined, probation is '[a] sentence imposed for commission of crime whereby a convicted criminal offender is released into the community under the supervision of a probation officer in lieu of incarceration.'" *Commonwealth v. Holmes*, 593 Pa. 601, 933 A.2d 57, 59 (2007). Moreover, our courts frequently impose probationary sentences as a means of conditional supervision, and it is not uncommon for a sentencing court to enter a split sentence, *i.e.*, impose a sentence on a single offense that combines elements of both incarceration and probation. Given the similarities between intermediate punishment and probation, and between the proof at sentencing provisions of numerous mandatory minimum statutes and the one at issue here, I disagree that the principles of statutory construction show an intent on the part of the legislature to weaken the long-standing precedent in this Commonwealth that "upon revocation of probation, the court possesses the same sentencing alternatives that it had at the time of initial sentencing." *Wallace, supra* at 842–843 (quoting *Commonwealth v. Pierce*, 497 Pa. 437, 441 A.2d 1218, 1219 (1982)).[5]

Accordingly, I respectfully dissent.

5. I note tangentially that Justice Baer's dissent in *Wallace* disagreeing that the Commonwealth's appeal was properly before the Court, has

some resonance for me, as I would agree that the issue preserved in the defendant's first appeal to the Superior Court in that case concerned both the manner (consecutive or concurrent) **and** length (total period of incarceration) of the sentence imposed, and the Commonwealth did not file a petition for allowance of appeal from that judgment. Nevertheless, the rule in *Wallace* is broadly stated, controls the issue raised *sub judice*, and I would conclude, unlike the *per curiam* opinion, that *Wallace* requires reversal of the Superior Court's determination here.