J-S06028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QUINTON BRIGHT | |
| Appellant | No. 484 EDA 2014 |

Appeal from the Judgment of Sentence December 17, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006516-2009
CP-51-CR-0012649-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 02, 2015**

Quinton Bright appeals from his judgment of sentence imposed in the Court of Common Pleas of Philadelphia County on December 17, 2013, after the court found him to be in violation of his probation.  Counsel has petitioned this Court to withdraw his representation of Bright pursuant to **Anders**, **McClendon** and **Santiago**.[1]  Upon review, we affirm Bright's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

In order to withdraw pursuant to **Anders** and **McClendon**, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Bright with a copy of the brief and a letter explaining his right to proceed *pro se*,[2] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel has also submitted a brief, setting out in neutral form three issues of arguable merit and, pursuant to the dictates of **Santiago**, explains why he believes the issues to

_____

[2] Bright has not submitted any additional or supplemental filings to this Court.

- 2 -

be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Bright raises the following issues for our review:

1. Did the lower court err in finding that [Bright] violated his parole and probation, thereby justifying the imposition of a new sentence of incarceration?

2. Was [Bright's] sentence legal?

3. Did the lower court err in not acting upon [Bright's] post-sentence motions?

*Anders* Brief, at 3.

Bright first alleges that the trial court erred in finding that he violated his probation. This claim is meritless. On November 5, 2009, Bright pled guilty to multiple counts relating to the manufacture and delivery of controlled substances. The Honorable Rayford Means sentenced him to concurrent terms of 6 to 23 months' incarceration,[3] followed by one year of probation. While under Judge Means' supervision, on June 14, 2013, Bright was found guilty of persons not to possess firearms, theft by unlawful taking and firearms not to be carried without a license, charges stemming from an

---

[3] Bright was granted immediate parole on both cases.

incident that occurred on August 26, 2010. The Honorable Linda Carpenter sentenced him to an aggregate term of 10 to 24 years' incarceration for these charges.

Conviction of a new crime is a sufficient basis for a court to revoke a sentence of probation. ***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008). Thus, by virtue of his conviction on the new charges before Judge Carpenter, Bright was in direct violation of his probation. Additionally, Bright committed technical violations of his probation involving drugs. ***See*** N.T. Violation Hearing, 12/17/13, at 3-4. Accordingly, the trial court did not err in finding Bright to be in violation of his probation.

Bright next claims that his revocation sentence was illegal. This claim is without merit. Pursuant to 42 Pa.C.S.A. § 9771(b), when a revocation occurs, the court has all the sentencing alternatives that were available at the time of initial sentencing. ***Commonwealth v. Mazzetti***, 44 A.3d 58, 65 (Pa. 2012). Upon resentencing, a term of total confinement may be imposed if one of the following conditions exists: (1) the defendant has been convicted of another crime; (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S.A. § 9771(c).

Here, Bright was convicted of additional crimes and, thus, was eligible for a term of total confinement under section 9771(c). Additionally, Bright pled guilty to one charge of possession with intent to deliver ("PWID") –

cocaine, and one charge of PWID – marijuana and cocaine. The statutory maximum penalty for PWID – cocaine is ten years' imprisonment. 35 P.S. § 780-113(f)(1.1). Judge Means resentenced him to 4 to 8 years' incarceration on each count. Thus, Bright's revocation sentence was well within the statutory limit. As such, this claim is meritless.

Finally, Bright claims that the trial court erred by not acting upon his post-sentence motions, in which he attempted to challenge the discretionary aspects of his sentence. Counsel e-filed post-sentence motions in each of Bright's cases. However, incorrect documents – post-sentence motions from Bright's case before Judge Carpenter – were erroneously submitted to the court, and the court did not consider them. Accordingly, Bright's discretionary-aspect-of-sentencing claim was not preserved on appeal. Because he did not properly preserve this claim, it is waived and, therefore, frivolous. **See Commonwealth v. Kalichak**, 943 A.2d 285, 292 (Pa. Super. 2008) (where issue has been waived, pursuing matter on direct appeal is frivolous in context of **Anders**).

Even if Bright's sentencing claim had not been waived, it would have garnered him no relief. In order to obtain review of a claim implicating the discretionary aspects of sentencing, an appellant must raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a "fundamental norm" of the sentencing process. **Commonwealth v. Coulverson**, 34 A.3d 135, 142 (Pa. Super. 2011). Here, Bright does not allege a violation of a

specific provision of the Sentencing Code, nor does he claim the court contravened a fundamental norm of the sentencing process. Rather, the sole basis for Bright's claim is that he is remorseful for his crimes and seeks the court's mercy. This does not raise a substantial question.[4] ***See id.*** Accordingly, Bright's claim is meritless.

Judgment of sentence affirmed; petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2015

---

[4] Even if we were to interpret Bright's claim as alleging the sentencing court's failure to consider mitigating circumstances, he would still be entitled to no relief. ***Commonwealth v. Lewis***, 911 A.2d 558, 567 (Pa. Super. 2006) ("A claim that a sentencing court failed to consider certain mitigating factors does not raise a substantial question that the sentence is inappropriate.").