[J-36-2014][M.O. – Eakin, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,    :    No. 73 MAP 2013
: 
         Appellant    :    Appeal from the Order of the Superior
:    Court at No. 566 MDA 2012 dated
:    3/19/13 affirming the order of the
         v.    :    Franklin County Court of Common
:    Pleas, Criminal Division, at No. CP-28-
:    CR-0000410-2011 dated 10/12/11
DREAMA MARIE STOTELMYER,    :
:
         Appellee    :    ARGUED:  May 6, 2014

**DISSENTING OPINION**

**MR. JUSTICE SAYLOR**                        **DECIDED:  February 17, 2015**

In my view, the statutory regime governing the availability of county intermediate punishment relative to offenses otherwise implicating mandatory minimum sentences is materially ambiguous.  This appears to be confirmed in the majority opinion through its application of the *in pari materia* principle of statutory construction.  *See Oliver v. City of Pittsburgh*, 608 Pa. 386, 394, 11 A.3d 960, 965 (2011) (commenting that *in pari materia* construction is ordinarily reserved to instances of ambiguity).

As the majority observes, Section 9721(a.1) of the Sentencing Code allows for the availability of county intermediate punishment, over and against a mandatory minimum sentence otherwise provided by law, where county intermediate punishment is "specifically authorized under Section 9763."  42 Pa.C.S. §9721(a.1).  *See* Majority Opinion, *slip op.* at 9.  Appellee reasonably explains, however, that Section 9763 is not

itself an authorizing statute. *See, e.g.*, Brief for Appellee at 7.[1] Rather, its applicability turns on eligibility criteria and enumerated exclusions set forth in the County Intermediate Punishment Act, 42 Pa.C.S. §§9801-9813. Given the material ambiguity and Section 9763's integral interrelationship with the County Intermediate Punishment program established by the General Assembly, I support the Superior Court's approach in construing "specific[] authorizat[ion]" under Section 9721(a.1) according to the only eligibility criteria which exist, as provided under the legislative county intermediate punishment scheme. *See* 42 Pa.C.S. §9802 (defining "eligible offender" in terms broad enough to include Appellee). Such construction is consistent with the guidance recently expressed in this Court's opinion in *Commonwealth v. Mazzetti*, 615 Pa. 555, 568, 44 A.3d 58, 66 (2012) ("[S]ection 9721(a.1) acknowledges that 42 Pa.C.S. §9763 authorizes the trial court to impose a sentence of county intermediate punishment even if there is an applicable mandatory minimum."), and application of the rule of lenity applicable to ambiguous penal statutes. *See, e.g.*, *Commonwealth v. Hanson*, ___ Pa. ___, ___, 82 A.3d 1023, 1036 (2013) (applying the rule of lenity grounded on 1 Pa.C.S. §1928(b)(1)).[2]

---

[1] The majority appears to interpret the scope of Section 9763's specific authorizations as stemming from restrictions pertaining to certain Vehicle Code offenses involving the use of alcohol or drugs. *See* Majority Opinion, *slip op.* at 9-10. However, these provisions are more in the nature of limitations than specific authorizations.

[2] Parenthetically, I am somewhat uncertain of the materiality of the majority's analysis pertaining to the Sentencing Guidelines, since neither Section 9763 nor the County Intermediate Punishment Act are reposed within those guidelines. To the extent that the Sentencing Guidelines touch upon county intermediate punishment, *see* 204 Pa. Code §303.9(i), I do not read the provision – which requires certain sentencing recommendations to be considered relative to a short list of enumerated offenses -- as reflecting any attempt, on the part of the Legislature, to provide for comprehensive treatment of all offenses which may implicate county intermediate punishment.

Finally, I do not address the issue of whether the common pleas court may have erred in authorizing work release as an appropriate form of intermediate punishment, given that work release is expressly proscribed under Section 7508(c) (whereas county intermediate punishment in the abstract is not specifically proscribed).[3] In this regard, I note only that the Commonwealth, as the appellant, has not presented this specific line of argument.

For the above reasons, I would affirm the order of the Superior Court.

Madame Justice Todd joins this dissenting opinion.

---

[3] I would note, however, that the County Intermediate Punishment Act prescribes for the availability of work release for certain sentences "[n]otwithstanding any provision of law." 42 Pa.C.S. §9813(a). This unqualified admonition appears to reflect another material ambiguity in the overarching scheme for intermediate punishment when considered in relation to offenses for which work release may be otherwise proscribed by law.