J-A15009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN J. MALENFANT | : | No. 1297 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 3, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000385-2020

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 18, 2022**

The Commonwealth appeals from the judgment of sentence imposed upon Jonathan J. Malenfant ("Appellee") after he pled guilty to driving under the influence ("DUI").  Specifically, the Commonwealth contends that the trial court erred in sentencing Appellee to the mandatory minimum of six months of probation applicable to a first DUI offense, rather than the minimum sentence of five days of incarceration mandated for a second DUI conviction. We reverse and remand for resentencing consistent with this Court's decision in ***Commonwealth v. Moroz***, ____ A.3d ___, 2022 PA Super 169, 2022 WL 4869900 (Pa.Super. Oct. 4, 2022) (*en banc*).

The pertinent facts are as follows.  Appellee was charged with DUI in the instant case in October 2019.  The Commonwealth alleged that it was Appellee's second DUI offense because he had been accepted into an

Accelerated Rehabilitative Disposition ("ARD") program in 2016 in relation to a prior DUI charge. While the instant charges remained pending, this Court held in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa.Super. 2020), that, to the extent that 75 Pa.C.S. § 3806 includes acceptance of ARD as a "prior offense" for purposes of DUI sentencing, it is unconstitutional pursuant to **Apprendi v. New Jersey**[1] and **Alleyne v. United States**.[2] **See Chichkin**, **supra** at 971.

Nonetheless, the Commonwealth moved to treat the instant DUI charge as Appellee's second offense based upon three justifications. First, the Commonwealth asserted that **Chichkin** was wrongly decided because "the **Chichkin** [C]ourt wholly ignored the fact that by accepting ARD, a defendant waives any rights he has under **Apprendi** and **Alleyne** to compel the Commonwealth to prove beyond a reasonable doubt his guilt of the DUI offense in order for it to count as a prior conviction." Memorandum of Law, 6/1/20, at 4-5. Second, the Commonwealth claimed that not counting the ARD acceptance as a prior conviction deprives the Commonwealth of the benefit of its bargain with Appellee. **Id**. at 7-9. Third, it argued that it is "bad

---

[1] **Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000) (holding that facts that "increase the prescribed range of penalties to which a criminal defendant is exposed" constitutes elements of the crime at issue).

[2] **Alleyne v. United States**, 570 U.S. 99, 103 (2013) ("Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.").

public policy" and contrary to the purpose of ARD to allow a recidivist to dispute whether he committed the prior DUI offense after having participated in the ARD program, since, if the defendant had committed no offense, rehabilitation was unnecessary in the first place. *Id*. at 9-10.

On June 3, 2020, Appellee and the Commonwealth appeared at a guilty plea hearing. At that time, the Commonwealth conceded that, "[u]nder the case law," the trial court did not have the authority to deem the instant case as Appellee's second offense. N.T. Guilty Plea and Sentencing, 6/3/20, at 16. The trial court, acknowledging that the Commonwealth had preserved its objections, ruled that *Chichkin* prohibited consideration of Appellee's earlier ARD acceptance as a prior conviction for sentencing purposes and proceeded to sentence Appellee to the mandatory minimum applicable for a first offense. *Id*. at 21, 24.

The Commonwealth filed a timely notice of appeal, and both it and the trial court complied with Pa.R.A.P. 1925. The Commonwealth presents the following questions for our consideration:

A. Did the sentencing court err in imposing an incorrect mandatory minimum sentence for Appellee's second, subsequent DUI offense under 75 Pa.C.S. § 3804 when it declined to hold that 75 Pa.C.S. § 3806(a) is a valid waiver of a defendant's right to have the Commonwealth prove a previous DUI-ARD beyond a reasonable doubt in order for it to constitute a prior offense for sentencing purposes?

B. Notwithstanding 75 Pa.C.S. § 3806(a), did the sentencing court err in imposing an incorrect mandatory minimum sentence for Appellee's second, subsequent DUI offense under 75 Pa.C.S. § 3804 when Appellee, in accepting the terms of his written

ARD agreement, waived his right to have the Commonwealth prove his previous DUI-ARD beyond a reasonable doubt in order for it to constitute a prior offense for sentencing purposes?

C. Did the sentencing court deprive the Commonwealth of the benefit of its bargain when it failed to enforce Appellee's explicit agreement that the Commonwealth could consider his acceptance of ARD for a DUI offense as a prior conviction for sentencing purposes on any subsequent DUI offense?

Commonwealth's brief at 4 (unnecessary capitalization omitted).

We begin with the pertinent legal principles. The applicability of a mandatory minimum sentence is "a question of law for which our scope of review is plenary, and our standard of review is *de novo*." ***Commonwealth v. Mazzetti***, 44 A.3d 58, 63 (Pa. 2012).

In the instant case, Appellee was charged with, and pled guilty to, DUI—general impairment pursuant to 75 Pa.C.S. §3802(a)(1). Our legislature has specified the following minimum penalties for such convictions:

**General impairment**.--[With exceptions not pertinent in the instant case], an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo a mandatory minimum term of six months' probation;

(ii) pay a fine of $300;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814

- 4 -

(relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

(2) For a second offense, to:

(i) undergo imprisonment for not less than five days;

(ii) pay a fine of not less than $300 nor more than $2,500;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S. § 3804(a). The following statute governs which convictions count in assessing the proper mandatory sentence:

[T]he term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance). . . .

75 Pa.C.S. § 3806(a).

In **Chichkin**, this Court held that § 3806(a) is unconstitutional to the extent that it includes ARD within the definition of the term "prior offense." **Chichkin**, **supra** at 970–71. The trial court at the time of Appellee's sentencing properly applied the then-applicable precedent, expressly observing that the Commonwealth had preserved its arguments that **Chichkin**

was wrongly decided, that § 3806(a) is constitutional, and that the statute applied to mandate sentencing Appellee as a second offender.

On October 4, 2022, while the case *sub judice* was pending on appeal, this Court sitting *en banc* expressly overruled **Chichkin** in **Moroz**, **supra**. In that case, which was in the same procedural posture as the instant case, we ruled as follows:

> The fact that ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction is written directly into Section 3806, and a defendant is presumed to be aware of the relevant statute. We . . . disagree with the conclusion in **Chichkin** that a defendant's prior acceptance of ARD cannot be categorized as a "prior conviction" exempt from the holdings in **Apprendi** and **Alleyne**. Although the "fact" that a defendant accepted ARD does not carry the same procedural safeguards of a conviction following a bench or jury trial, we deem the safeguards in place to be adequate. We emphasize that Section 3806(a) appropriately notifies a defendant that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes.
>
> Moreover, a defendant voluntarily enters the ARD program to avoid prosecution on a first DUI charge, and he is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights. These factors of notice and voluntary ARD acceptance mitigate the due process concerns advanced in **Chichkin**. Thus, a defendant's prior acceptance of ARD fits within the limited "prior conviction" exception set forth in **Apprendi** and **Alleyne**.

**Moroz**, **supra** at *5.

Therefore, because "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster," we held

the trial court "erred in sentencing [Moroz] as a first-time DUI offender without considering his acceptance of ARD for a prior DUI." ***Id***.

The ***Moroz*** decision is squarely on point and controls our disposition of this appeal. ***See***, ***e.g.***, ***Commonwealth v. Hays***, 218 A.3d 1260, 1266 (Pa. 2019) ("[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." (cleaned up)). Pursuant to ***Moroz***, the Commonwealth must prevail in its position, preserved in the trial court, that Appellee was subject to the mandatory minimum sentence applicable to second-time offenders based upon his prior acceptance of ARD. Thus, we vacate Appellee's judgment of sentence and remand for resentencing consistent with ***Moroz***.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Musmanno did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022