J-S05019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER BEASON, | : | |
| | : | |
| Appellant | : | No. 1269 WDA 2014 |

Appeal from the Order Entered July 11, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0002954-2008.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 18, 2015**

Appellant, Christopher Beason, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On March 25, 2009, following a jury trial, Appellant was convicted of one count of aggravated assault.  On May 12, 2009, Appellant was sentenced to a term of eighteen to thirty-six months of imprisonment, followed by a period of five years of probation.  Appellant filed a direct appeal and on March 12, 2010, his judgment of sentence was affirmed by this Court.  **Commonwealth v. Beason**, 793 WDA 2009, 996 A.2d 535 (Pa. Super. filed March 12, 2010) (unpublished memorandum at 1).

On December 20, 2012, Appellant's probation was revoked and he was resentenced to a term of five to ten years of imprisonment, with credit for 300 days served. Appellant filed an untimely motion to modify his sentence, which was denied on April 18, 2013. On September 10, 2013, Appellant filed a *pro se* "petition for case dismissed." The trial court construed the petition as Appellant's first *pro se* PCRA petition. Order, 9/20/12, at 1. The PCRA court appointed counsel and on October 15, 2013, Appellant filed a counseled PCRA petition. The petition included claims that the original sentence was illegal and invalid and that the time Appellant served in addition to the revocation sentence imposed exceeded "the maximum amount of time to which [Appellant] is subject," thus resulting in an illegal revocation sentence. PCRA Petition, 10/15/13, at 2.

On June 16, 2014, the PCRA court issued an order granting the petition in part and denying it in part. The PCRA court granted relief by directing that Appellant should be awarded an additional three years of credit for time served on his original sentence. Order, 6/16/14, at 1. The PCRA court denied Appellant's challenge on the original sentence and issued notice of its intent to dismiss that claim without a hearing. *Id.* On July 11, 2014, the PCRA court issued a final order denying Appellant's PCRA petition. This appeal followed.

The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant complied. Appointed counsel was permitted to withdraw on September 4, 2014.[1] The PCRA court filed a Pa.R.A.P. 1925(a) opinion, incorporating and relying upon its reasoning provided in the June 16, 2014 order and notice of intent to dismiss.

Appellant presents the following issue for our review:

> Whether the lower court erred in denying only partial PCRA relief in the nature of provision of time credit and failing to grant substantive relief as to the Appellant's challenge to the legal efficacy of the probation revocation itself?

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

We first note that it is with difficulty that we attempt to fully discern the basis of Appellant's argument as presented in his brief. Appellant

---

[1] Although unclear from the record when it occurred, we note that Appellant is represented by counsel on appeal.

asserts that while he was admitted to a state hospital, a parole agent visited Appellant "even though he was not supposed to see a parole officer until 2017, or upon release from the mental ward where the [A]ppellant was then living as a patient." Appellant's Brief at 4. Appellant further avers that he "cannot have violated, and therefore be revoked, on a sentence, when it is documented that he was not supposed to see the agent." *Id.* at 5. Accordingly, Appellant appears to be asserting that there was no basis for the probation revocation. *Id.* Appellant further challenges his original sentence on the aggravated assault conviction. *Id.* at 5. Additionally, Appellant states that "he maxed out on the docket for which he is currently incarcerated." *Id.* Thus, we surmise that Appellant is arguing that the subsequent probation revocation resentence was illegal. *Id.* at 5-6.[2]

We first note that Appellant's challenge to his original sentence is untimely and we therefore lack the jurisdiction to consider that claim on the merits. A PCRA petition must be filed within one year of the date that the

---

[2] Appellant fails to properly develop his issues or cite to any relevant legal authority in support of his claims. Our rules of appellate procedure require an appellant to support his or her argument with pertinent analysis, including citation to and discussion of relevant authority and facts of record. Pa.R.A.P. 2119. This court will not become the counsel for an appellant and develop arguments on an appellant's behalf, *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006), and waiver of an issue results when an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief. *Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa. Super. 2008). While we could refuse to address these issues because Appellant has not developed an argument with citation to legal authority, we choose not to find it waived in this instance.

judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.

Our review of the record reveals that Appellant was sentenced on May 12, 2009. This Court affirmed the judgment of sentence on March 12, 2010. Appellant's sentence became final after expiration of the thirty days within which Appellant could have sought discretionary review with the Pennsylvania Supreme Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Accordingly, Appellant's judgment of sentence became final on April 12, 2010,[3] thirty days after the time expired for Appellant to file an appeal with

---

[3] We note that because April 11, 2010 fell on a Sunday, Appellant had until April 12, 2010 to file his motion. ***See*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on

-5-

the Pennsylvania Supreme Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, Appellant had until April 12, 2011 to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant did not file the instant PCRA petition until September 10, 2013. Thus, Appellant's instant PCRA petition, to the extent it challenges his original sentence, is patently untimely. Furthermore, Appellant did not plead or prove any of the exceptions under 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Moreover, while it appears that Appellant is making an illegality-of-sentence claim, we note that such claims must be raised in a timely PCRA. "[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013) (quoting ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999)). Consequently, the PCRA court lacked jurisdiction to address the claim regarding the original sentence and grant relief. ***See Commonwealth v. Fariror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of this claim on appeal. ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002)

---

Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.). ***See also Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004).

(holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

We next address Appellant's assertion that the revocation of his probation was illegal. The majority of Appellant's brief makes claims of the impropriety of the probation revocation. Despite Appellant's assertion that there was no legal basis for his probation revocation, Appellant fails to properly develop his argument in support of this claim. Somewhat disjointedly, Appellant avers that "he was not violated for the offense he was charged with (indecent exposure), but rather for threats." Appellant's Brief at 5. Further, "[A]ppellant argues he cannot have violated, and therefore be revoked, on a sentence, when it is documented that he was not supposed to see the agent." *Id.* In making these allegations of wrongful conduct on the part of the probation officer, Appellant fails to make citation to the record or to applicable law regarding the impropriety of his probation revocation. Appellant's claim could be dismissed on this basis. *Gould*, 912 A.2d at 1258; *Williams*, 959 A.2d at 1258.

Moreover, Appellant has not preserved this issue in either his *pro se* or his counseled PCRA petition. As a result, this claim is waived. *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("a claim not raised in a PCRA petition cannot be raised for the first time on appeal.")

We next consider the legality of the probation revocation sentence imposed. When we consider an appeal from a sentence imposed following the revocation of probation, our standard of review is well settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). **See also Commonwealth v. Gheen**, 455 Pa. Super. 299, 688 A.2d 1206, 1207 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. **Id.**, 688 A.2d at 1207-1208. **Accord Commonwealth v. Ware**, 737 A.2d 251, 254 (Pa. Super. 1999).

**Commonwealth v. MacGregor**, 912 A.2d 315, 317 (Pa. Super. 2006). It is also well settled that the revocation of a probationary sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. **MacGregor**, 912 A.2d at 317. "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (internal quotation marks omitted). We reiterate that upon revocation of probation, the sentencing court has all of the alternatives available at the time of the

initial sentencing. *See* 42 Pa.C.S. § 9771(b); *Commonwealth v. Mazzetti*, 44 A.3d 58, 61 (Pa. 2012).

Appellant was originally convicted of aggravated assault under 18 Pa.C.S. § 2702(a)(3). This conviction was graded a felony of the second degree. 18 Pa.C.S. § 2702(b). A person convicted of a felony of the second degree may be sentenced to imprisonment "for a term which shall be fixed by the court at not more than ten years." 18 Pa.C.S. § 1103(2).

Appellant's original sentence was a split sentence. "When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). As a result, Appellant's original sentence of eighteen to thirty-six months of imprisonment, followed by a period of probation for five years, was not illegal because it did not exceed the statutory maximum.[4] 18 Pa.C.S. § 1103(2).

Additionally, Appellant's resentence following probation revocation was within the original statutorily allowable sentence. 18 Pa.C.S. § 1103(2). As this Court has noted:

> as a general rule, "upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing ...." Normally, "the trial

---

[4] Although we previously noted that Appellant's challenge to the original sentence was untimely raised, we address the legality of the original sentence solely for purposes of our analysis regarding the legality of the probation revocation sentence.

court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."

*Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal citations omitted).

Upon consideration of Appellant's PCRA petition, though, the PCRA court recognized that the total time that Appellant had already served, which was three years, in conjunction with the sentence of five to ten years could result in Appellant serving a sentence of incarceration in excess of the statutory maximum. "The statutory language is clear that a person is entitled to credit toward his or her sentence if time is spent in custody." *Crump*, 995 A.2d at 1284. However, "a defendant [is not] automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum." *Id.* Furthermore, "in a situation where probation is revoked on a split sentence . . . a defendant is not entitled to credit for time spent on probation." *Id.*

In the case *sub judice*, because the resentence could result in Appellant serving time incarcerated in excess of the statutory maximum, the PCRA court properly awarded Appellant credit for his total time served. *Crump*, 995 A.2d at 1284. Moreover, Appellant was not entitled to credit for time spent on probation. *Id.* Thus, the sentence imposed following

probation revocation, as remedied by the PCRA court in granting partial relief in response to Appellant's PCRA petition, does not exceed the maximum allowable sentence. As a result, Appellant's resentence following probation revocation was not illegal.

The PCRA court did not err in granting the petition to the extent that it afforded Appellant credit for all time Appellant served, as opposed to crediting him only with three hundred days as was set forth in the revocation sentence. Furthermore, the PCRA court did not err in denying the petition as to claims of illegality of the original sentence.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015