J-S44003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SCOTT MICHAEL FREKER | |
| Appellant | No. 579 WDA 2014 |

Appeal from the Judgment of Sentence June 3, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004844-2011

BEFORE: LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED JULY 28, 2015**

Appellant Scott Michael Freker appeals from the judgment of sentence entered on June 3, 2013 in the Allegheny County Court of Common Pleas following his revocation of probation. We affirm.

On June 1, 2011, Appellant was charged by Information with sixty-nine counts of Sexual Abuse of Children – Child Pornography,[1] five counts of Sexual Abuse of Children – Dissemination of Photographs,[2] five counts of

---

[1] 18 Pa. C.S. § 6312(d).

[2] 18 Pa. C.S. § 6312(c).

Obscene and Other Sexual Materials,[3] and one count of Criminal Use of Communication Facility.[4]

On August 4, 2011, Appellant entered a negotiated guilty plea to a single count of Sexual Abuse of Children – Child Pornography.[5] That same day, the trial court sentenced Appellant to seven years' probation.

Following Appellant's sentencing, the court conducted numerous review hearings. N.T., 6/3/2013, 39-62. On June 3, 2013, the trial court revoked Appellant's probation and sentenced him to 18 to 36 months' incarceration followed by 3 years' probation. N.T., 6/3/2013, at 77.

The trial court summarized Appellant's lack of compliance with probationary conditions as follows:

> This [c]ourt, on August 4, 2011, originally sentenced Appellant to a term of seven years['] probation. Appellant consistently failed to comply with his conditions of probation. Appellant was noncompliant as of his first review on 10-27-11. Appellant had decorative swords in his home, a beer keg on the porch, and Mercy Behavioral would not accept him into treatment because he was denying his offense (despite having pled guilty).
>
> [2] Mercy Behavioral is a treatment program for sex offenders which requires an offender to admit his offenses as part of his treatment.

---

[3] 18 Pa. C.S. § 5903(a)(2).

[4] 18 Pa. C.S. § 7512(a).

[5] Due to the nature of Appellant's offense, he was assigned to the Allegheny County Sex Offender Court. Opinion, 3/17/2015, at 2 n.1.

In order to be given another chance to fulfill his treatment condition, Appellant scheduled a polygraph for January 26, 2012. However, he appeared to take the polygraph with an abrasive superglue-like substance on his palms and fingers. When observed by the polygrapher, Appellant referred to the substance as tanning solution. He was instructed to wash off the substance. The polygrapher noted that it did not easily rinse away but rather took substantial scrubbing to remove. Appellant next attempted to affect the outcome of the polygraph by flexing before he answered each question. The polygrapher warned him to cease. Ultimately he failed the polygraph with a probability of deception of over 99 percent.

On February 2, 2012, he was noncompliant for talking to children over the internet. He also admitted to changing his name to run a web page for his spa and escort businesses so that potential clients would not know he is a Megan's Law registrant, recorded video of a three year old despite having been told to have no contact with children, and had not made any restitution payments as of his February 2, 2012 hearing. Appellant was discharged unsuccessfully from treatment at Mercy on February 29, 2012. Furthermore, he continued to possess devices with internet access, despite his special probation conditions prohibiting access to the internet.

After being given another chance to comply with treatment at Mercy, on August 27, 2012, Appellant took a maintenance polygraph, where he admitted viewing movies on a premium cable channel that contained nudity. He also admitted using the internet to play online games. Further, he admitted to viewing child pornography from September to October of 2009, acknowledging that he looked at less than 100 images and saved them to his hard drive. On September 28, 2012, he was sanctioned at Allegheny County Jail for seven days after the probation officer discovered he was again playing online games with an Xbox and a Wii. Appellant took another maintenance polygraph on February 11, 2013, which again contained responses indicative of deception and led to his second discharge from Mercy Behavioral.

Trial Court 1925(a) Opinion, 3/17/2015, at 5-6.

- 3 -

On June 12, 2013, Appellant filed a post-sentence motion, which was denied by operation of law on October 18, 2013. Appellant did not appeal. On March 5, 2014, Appellant filed a petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, seeking reinstatement of his direct appeal rights. On March 14, 2014, the court granted this petition. On April 11, 2014, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> Did the trial court abuse its discretion when it sentenced Mr. Freker to 18 to 36 months of incarceration, because it failed to adequately consider all of the required sentencing factors under 42 Pa.C.S.[] § 9721, specifically Mr. Freker's nature and characteristics, and whether a sentence of incarceration was consistent with the protection of the public?

Appellant's Brief at 10. Appellant's issue challenges the discretionary aspects of his sentence.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011) (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super.2000)). Before this Court can address a discretionary challenge, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise

statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super.2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006)); *see also Allen*, 24 A.3d at 1064.

Appellant raised the issue in a timely post-sentence motion, filed a timely notice of appeal, and included a statement of reasons pursuant to Rule 2119(f) in his brief. We must, therefore, determine whether his issue presents a substantial question and, if so, review the merits.

"The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super.2011) (quoting *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005)). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super.2013) (quoting *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super.2012)).

Appellant raises a plausible argument that the trial court failed to consider numerous factors, including the protection of the public and Appellant's history and characteristics.[6]     Appellant's Brief at 19-20.

---

[6] The Commonwealth concedes Appellant raised a substantial question, relying on *Commonwealth v. Crump*, 995 A.2d 1280, 1282
*(Footnote Continued Next Page)*

- 5 -

Accordingly, his challenge raises a substantial question, and we will review the merits. *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa.Super.2012) (appellant raised substantial question where he argued trial court failed to consider relevant sentencing criteria, including protection of public, gravity of offense and rehabilitative needs of Appellant).

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Crump*, 995 A.2d at 1282 (citing *Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super.2009)). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citing *Commonwealth v. Walls*, 926 A.2d 957 (Pa.2007)).

Following the revocation of probation, "the sentencing court has all of the alternatives available at the time of the initial sentencing."

---

*(Footnote Continued)* ⸻

(Pa.Super.2010), which found a sentence of total confinement for a technical probation violation raised a substantial question. Appellee's Brief at 10; *Crump*, 995 A.2d at 1282 (appellant raised substantial question when he challenged "[t]he imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense," as it "implicate[d] the "fundamental norms which underlie the sentencing process" (quoting *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super.2000))). Appellant, however, does not maintain the court lacked the authority to impose a sentence of total confinement. Rather, he maintains the court abused its discretion in sentencing Appellant to 18-36 months' incarceration.

*Commonwealth v. Mazzetti*, 44 A.3d 58, 61 (Pa.Super.2012).[7] When imposing a sentence, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1283 (citing *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super.2006)). Further, "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super.2009) (citing *Commonwealth v. Devers*, 519 Pa. 88, 101–102, 546 A.2d 12, 18–19 (1988)).

The trial court reviewed a pre-sentence report and had presided over Appellant's numerous review hearings. N.T., 6/3/2013, at 2, 3-6, 39-62. The trial court also read all letters submitted on Appellant's behalf. *Id.* at

_____

[7] The sentencing guidelines are inapplicable to sentences imposed following revocation of probation. *Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa.Super.2013).

17, 75. At the June 3, 2013 hearing, the Commonwealth presented a history of Appellant's non-compliance with probation conditions, Appellant's mother testified, Appellant's counsel presented argument on his behalf, and Appellant had an opportunity to speak. The trial court then concluded:

> It cannot be back and forth. It cannot be one minute admitting to viewing child pornography, another minute dissembling and blaming it on Ryan.[8] Another time saying you only viewed adult pornography and thought you only search for adult pornography on LimeWire.
>
> I can't, after all this time, I cannot continue this. So with that I believe the original sentence of seven years['] probation is not effective.
>
> We have tried sanctions as well as other measures to bring him into compliance, and today I revoke that seven years['] probation, and I impose a period of incarceration of 18-36 months. He does have some credit for the time that he has served since March of this year.
>
> He will receive treatment while he is incarcerated. To the extent that he successfully completes his treatment while incarcerated, he will be eligible for parole. He is not triple RI eligible based on the charges.
>
> Consecutive to his period of incarceration, I impose a period of three years of probation. . . .

N.T., 6/3/2013, at 76-77.

In its 1925(a) opinion, the trial court reviewed Appellant's noncompliance, as outlined above, and concluded:

---

[8] Some of the letters submitted on Appellant's behalf claimed "Ryan" viewed the child pornography on Appellant's computer. Also, Appellant's mother testified that it was "Ryan," not Appellant, who viewed the child pornography. N.T., 6/3/2013, 23-25, 75.

This [c]ourt gave Appellant many chances to prove his willingness and ability to comply with the reasonable charge specific special conditions of probation. As demonstrated by his poor supervision history, his outright lies about his continued contact with children and internet use, and his ongoing treatment failure, he is not amenable to community supervision and treatment. Nothing in his course of conduct indicates an ability or desire to refrain from criminal behavior or participate in treatment. As Appellant has repeatedly ignored his need for rehabilitation and treatment, intentionally disregarded court ordered supervision conditions, and his ongoing behavior demonstrates the community's need to be protected from him, this [c]ourt did not err in sentencing him to a sentence of confinement for a period of 18 to 36 months with three years of consecutive probation.

Opinion, 3/17/2015, at 6-7.

The record as a whole demonstrates the trial court considered the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. Moreover, because the trial court reviewed the pre-sentence report, it presumably was aware of all appropriate sentencing factors and considerations. The trial court acted within its discretion in sentencing Appellant to a sentence of total confinement of 18 to 36 months' incarceration.[9]

_____

[9] Appellant maintains that the trial court used the fact that he had "never harmed another individual" against him. Appellant's Brief at 27. This is incorrect. Appellant argued he had no prior record and the crimes charged in the criminal complaint did not allege violence. The trial court correctly responded that this argument:

only diminishes [Appellant's] understanding of the charge against him. . .

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015

(Footnote Continued) ————

> Sexual abuse of children, possession of child pornography is classified as a Megan's law offense for a very good reason. What he has done, by virtue of his being a consumer of it, is place children at risk and cause them to be sexually assaulted.
>
> If there were no audience for this material, it would no longer be something that we would be concerned about as a society.

N.T., 6/3/2013, at 16.