J-S42021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY ANDREW DELGADO | |
| Appellant | No. 3382 EDA 2014 |

Appeal from the Judgment of Sentence October 14, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004712-2012
CP-39-CR-0004717-2012

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:  **FILED SEPTEMBER 28, 2015**

Appellant, Anthony Andrew Delgado, appeals from the October 14, 2014 aggregate judgment of sentence of 7 to 18 years' imprisonment, imposed by the trial court after it held a **_Gagnon II_**[1] hearing and revoked Appellant's parole and probation.  After careful review, we affirm.

On January 3, 2013, Appellant pled guilty to two counts of possession with intent to deliver a controlled substance (PWID) and two counts of conspiracy to PWID.[2]  On February 14, 2013, the trial court sentenced

---

[*] Former Justice specially assigned to the Superior Court.

[1] **_Gagnon v. Scarpelli_**, 411 U.S. 788 (1973) (discussing revocation hearings).

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(c), respectively.

Appellant to 12 months less two days to 24 months less two days, followed by four years of probation. Appellant was paroled on September 11, 2013. The trial court summarized the subsequent procedural history as follows.

> Subsequent to his parole, Appellant failed to meet with his probation officer on three separate occasions, and failed to report for mandatory drug testing on six occasions. On or about March 20, 2014, Appellant was closed out of the drug testing facility SASSI due to inactivity. Based on this pattern of behavior, Appellant's probation officer issued a violation. The officer ran a check and learned that Appellant had some driving citations before a local district magistrate. He spoke with the magistrate's staff on April 3, 2014 and learned that Appellant was present in the magistrate's office to pay an unrelated fine.
>
> Several probation officers proceeded to the magistrate's office to arrest Appellant. When the officers attempted to effectuate the arrest, Appellant resisted arrest. In the car in which Appellant traveled to the office, Appellant's two-year-old daughter and his daughter's mother were present. Appellant also had two loaded shotguns in the trunk and a stolen, loaded pistol in the center console. Additionally, Appellant had a large quantity of marijuana and heroin in his possession at the time of his arrest.

Trial Court Opinion, 12/15/14, at 2-3 (footnote omitted).

Appellant appeared before the trial court on October 14, 2014 for the ***Gagnon II*** hearing, after which the trial court re-sentenced Appellant to serve the remaining balance on his parole and an aggregate three to ten years imprisonment consecutive to the balance. N.T., 10/14/14, at 19-21. Appellant filed a motion for reconsideration of sentence on October 24,

2014, which the trial court denied on October 29, 2014. Appellant filed a timely appeal on November 13, 2014.[3]

On appeal, Appellant raises the following issue for our review.

> Whether the trial court abused its discretion after probation revocation when it: (1) imposed a manifestly excessive aggregate sentence of 4 to 12 years for two deliveries of about ½ gram of heroin on [Appellant] with a minimal prior history but who committed new offenses while on supervision; and (2) based the severity of said aggregate sentence on the circumstances of the new convictions to the exclusion of other relevant factors?

Appellant's Brief at 4.

We review a trial court's sentence imposed following the revocation of probation for an error of law or an abuse of discretion. *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014). "[Our] scope of review in an appeal from a revocation of sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa.

_____

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Super. 2009) (*en banc*) (citation omitted), *appeal denied*, 8 A.3d 341 (Pa. 2010).

In this case, Appellant admitted to his violations and "accepted that he faced additional state imprisonment in the violations cases." N.T., 10/14/14, at 2, 11. Appellant also stated that he is not appealing his parole revocations. Appellant's Brief at 5. Rather, Appellant argues that the court imposed "manifestly unreasonable, excessive, and harsh sentences under the particular circumstances of this case." *Id*. at 12. Specifically, Appellant asserts, "the court ran the VOP sentences consecutive to the sentence for the new convictions resulting in an arbitrary punishment and an overall aggregate sentence excessively disproportionate to [Appellant's] conduct." *Id*. Appellant contends that "the trial court based the VOP sentences on one factor – the gravity of the circumstances of the new convictions – to the exclusion of any other factors." *Id*. at 18. This challenge to the discretionary aspects of his sentence is not appealable as of right. *Colon*, *supra* at 1042.

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because

- 4 -

> Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his [Rule 2119(f)] concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Here, Appellant filed a timely notice of appeal, preserved his sentencing challenge in his motion for reconsideration of sentence, and included a separate Rule 2119(f) concise statement in his appellate brief. *See generally* Appellant's Brief at 13-14. Moreover, Appellant has raised a substantial question for our review by asserting that the trial court's sentence was unreasonable and excessive. *See Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (holding "[a] claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."); *Commonwealth v. Mouzon*, 812 A.2d 617, 628 (Pa. 2002) (recognizing that an excessiveness challenge can present a substantial question even if the sentence is within the statutory limits).

Having determined that Appellant has met the threshold requirements, we proceed to review the merits of his appeal. "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court[,] and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Mazzetti*, 9

- 5 -

A.3d 228, 230 (Pa. Super. 2010) (citation omitted), *affirmed*, 44 A.3d 58 (Pa. 2012). Upon revocation of probation, a sentencing court has all of the sentencing options that existed at the time of the original sentence. 42 Pa.C.S.A. § 9771(b). A sentence of total confinement may be imposed if the defendant has been convicted of another crime. 42 Pa.C.S.A. § 9771(c)(1). In addition, the imposition of consecutive rather than concurrent sentences rests within the trial court's discretion. ***Commonwealth v. Harvard***, 64 A.3d 690, 703 (Pa. Super. 2013).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003).

> [However,] in all cases where the court "resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant."

***Cartrette***, ***supra*** at 1041, *quoting* 42 Pa.C.S.A. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the

crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).

Here, our review of the record as a whole reveals no abuse of sentencing discretion by the trial court. Two witnesses testified at the revocation hearing. Mr. Pretopapa[4], from the adult probation department, was the first witness. He testified that Appellant violated the conditions of his probation by failing to meet with Pretopapa on three occasions, failing to report for drug testing on six occasions, and being "closed out" of the drug program. N.T., 10/14/14, at 2-3. Pretopapa then "issued a violation", discovered that Appellant was in the magistrate's office, and went to arrest Appellant on the violation. ***Id***. at 3. Pretopapa testified to the circumstances as follows.

> When we arrested [Appellant], he had drugs on him. He resisted arrest. There were firearms involved. He was ultimately charged and received 3 to 6 years on the new case.
>
> …
>
> [T]here were two loaded shotguns with one in the chamber in the trunk of the vehicle. There was also a stolen 40 caliber handgun that was in the console of the vehicle, Your Honor. He received 3 to 6 for the Felony, PWI. Then I have three firearms charges, 3 to 6, and then Resisting Arrest. He had a large amount of marijuana and heroin on him.

---

[4] We note that Pretopapa's first name does not appear in the certified record.

My recommendation, Your Honor, is that [Appellant's] parole be revoked, he be remanded to serve the balance of the sentence. Probation is also revoked and resentence him to 1 to 2 years on each charge. They're going to run consecutive as you were running them originally to be served in State Prison. He's been in since the date of his arrest, April 3rd of this year. He's not going to be RRRI eligible based on his record.

*Id.* at 3-4.

Appellant testified next. He recounted being placed on work release in March 2013, and being "released from work release" on September 10, 2013, during which he worked both full and part-time jobs. *Id*. at 9. Appellant additionally referenced his family and expressed his desire to be released in time to take his daughter to the first day of school. *Id*. at 11. The trial court then initiated the following exchange.

THE COURT: [Appellant], what's going on? You don't sound like a stupid person. You sound like you have some intelligence.

[APPELLANT]: I was using drugs. I was using heroin, and – but the lawyer said that they weren't gonna buy – they weren't gonna buy that I was using – they weren't gonna buy because it was so much; 144 bags. They weren't gonna buy that – his personal use. But I know people that shoot up four or five bundles in a day.

THE COURT: Okay. Let's put that part of it aside. What are you doing with two loaded shotguns and a stolen handgun while you're on parole?

[APPELLANT]: Basically, I took those charges because I'm not gonna tell – I'm not gonna say whose they were. If something – if I was to go and say, oh, these are this persons, then that person is out on the street, I still have to be in jail. If

- 8 -

something happens to my family, nobody is gonna go and be like, okay – nobody is gonna go –

THE COURT: Why do you even put yourself in this position? You have this young child who you're claiming to me you feel is so important to be able to take her to school. If that's true, why – even regardless of the drugs – why would you put yourself in a position where you're even within a mile of a stolen gun much less the two shotguns in the same car where your child is?

*Id*. at 13-14.

After hearing argument from counsel and rendering Appellant's sentence,[5] the trial court stated its reasons for the sentence.

Here's the bottom line. I have revoked [Appellant's] parole and probation in each case. Because of the dangerousness of the offenses for which [Appellant has] been convicted – whether [he] did it out of a desire not to snitch on other people or if this was of [his] own making – [he] pled guilty and w[as] sentenced on extremely serious offenses.

The fact that at least one of the guns was stolen, two other guns were in close proximity to [Appellant] and [his] infant child, [he] had enough heroin on [him] that it was regarded as a PWI case, and again, apparently, based on [Appellant's] guilty plea, [he] did not contest these facts, all compound the gravity of violating [Appellant's] parole and probation on the original sentences which again were for Possession with Intent to Deliver Heroin. Based upon that, I believe – and [Appellant's attorney] may ask the clerk to calculate this – but I believe it's

_____

[5] Noting that a pre-sentence investigation was completed in 2013, Appellant waived the preparation of another pre-sentence investigation prior to the October 14, 2014 sentence.

> going to be roughly about a 4-year minimum to 10-year maximum on top of [Appellant's other] sentence. So [Appellant] is looking at 7 to 16.[6]

*Id.* at 22-23.

Upon review of the record as a whole, we discern no abuse of discretion by the trial court. At Appellant's original sentencing hearing on February 14, 2013, the trial court explained to Appellant that he would receive "the longest period … within the county prison … and we're going to give you some tools to be able to get over your addiction." N.T., 2/14/13, at 16. However, the trial court cautioned Appellant that "the opportunity for you to mess up will be there, such that if you mess up at any point … you will go to state prison, and you will not be seeing your daughter much less holding her unless through a glass window." *Id*. Despite this, Appellant subsequently and admittedly committed numerous violations, including the commission of drug and firearms crimes. The trial court, in revoking Appellant's parole and probation, acted in accord with prevailing law, ***supra***, including Section 9771, such that Appellant's claim that his sentence is "excessive" and "disproportionate to his conduct" is without merit.

Based on the foregoing, we conclude the trial court did not abuse its discretion in imposing Appellant's sentence following revocation. Accordingly, we affirm the October 14, 2014 judgment of sentence.

---

[6] Appellant's counsel clarified that "Actually Judge, it's going to be … he's going to have a 7 to 18-year sentence."

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/28/2015*