J-S57005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHALMUS HARRIS | |
| Appellant | No. 654 EDA 2013 |

Appeal from the Judgment of Sentence January 25, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014097-2010

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 12, 2016**

Appellant, Chalmus Harris, appeals from the January 25, 2013 aggregate judgment of sentence of two to four year's imprisonment, followed by two years' probation, imposed following the revocation of his probation.  Contemporaneously with this appeal, Appellant's counsel has filed a petition to withdraw and an **Anders**[1] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

We summarize the relevant procedural history of this case as follows. On April 30, 2012, Appellant pled guilty to one count each of corruption of

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

minors and indecent assault.[2]   That same day, the trial court imposed a sentence of 11½ to 23 months' imprisonment, plus 3 years' probation for corruption of minors.   On August 27, 2012, the trial court imposed a consecutive sentence of five years' probation for indecent assault, following a SVP hearing.

On January 11, 2013, a detainer was issued, alleging that Appellant had violated the terms of his probation.   The trial court conducted a **Gagnon II**[3] hearing on January 25, 2013.   At the conclusion of said hearing, the trial court found that Appellant had violated his probation, revoked the same, and sentenced Appellant to two to four years' imprisonment, plus two years' probation for indecent assault, and no further penalty for corruption of minors.   Appellant filed an untimely motion to reconsider sentence on February 15, 2013, which the trial court did not resolve.[4]   On February 25, 2013, Appellant filed a timely notice of appeal.[5]

_____

[2] 18 Pa.C.S.A. §§ 6301(a)(1) and 3126(a)(7), respectively.

[3] **Gagnon v. Scarpelli**, 411 U.S. 778, (1973).

[4] This motion is not contained within the certified record but is notated on the trial court's docket.

[5] On June 14, 2013, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).   On July 5, 2013, Appellant's counsel filed a statement of intent to file an **Anders** brief under Rule 1925(c)(4).   The trial court did not issue a Rule 1925(a) opinion.   **See Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008) (stating
*(Footnote Continued Next Page)*

In the ***Anders*** Brief, counsel has raised the following issues for our review.

> 1. Did the [trial] court err in finding that [Appellant] violated his parole and probation, thereby justifying the imposition of a new sentence of incarceration?
>
> 2. Was [Appellant]'s sentence legal?
>
> 3. Did the [trial] court err in not acting upon [Appellant]'s post-sentence motions?

***Anders*** Brief at 3.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an ***Anders*** brief shall comply with the requirements set forth by our Supreme Court in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record,

*(Footnote Continued)* ────────────

that a Rule 1925(a) opinion is not required upon the filing of a Rule 1925(c)(4) statement of intent to file an ***Anders*** brief). Appellant has not filed a response to the ***Anders*** brief.

controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's *Anders* brief complies with the requirements of *Santiago*. First, counsel has provided a procedural and factual summary of the case with references to the record. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. Third, counsel concluded, "this appeal would be wholly frivolous[.]" *Anders* Brief at 15. Lastly, counsel has complied with the requirements set forth in *Millisock*. As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In the first issue raised in the *Anders* brief, Appellant avers that the trial court erred in finding Appellant in violation of his probation and parole. *Anders* Brief at 10. We begin by noting our well-settled standard of review.

> In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). Our standard of review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b); *Commonwealth v. Gheen*, 688 A.2d 1206, 1207–08 (Pa. Super. 1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of

> > another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court. 42 Pa.C.S.A. § 9771(c); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001).
>
> ***Commonwealth v. Hoover***, 909 A.2d 321, 322–323 (Pa. Super. 2006).

***Commonwealth v. Edwards***, 71 A.3d 323, 327 (Pa. Super. 2013) (parallel citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

In this case, the parties agree that the trial court found Appellant violated the terms of his probation by testing positive for marijuana and failing to complete his sex offender treatment program. ***Anders*** Brief 12; Commonwealth's Brief at 7.[6]  This was legally sufficient to revoke Appellant's probation. ***See Commonwealth v. A.R.***, 990 A.2d 1, 5 (Pa. Super. 2010) (concluding that the defendant's probation was properly revoked where,

---

[6] The certified record does not contain the transcripts from any of the proceedings below, and it appears that said transcripts, although requested by Appellant, are unavailable.  Instead, the parties agreed to proceed through a Pa.R.A.P. 1923 Statement in Absence of Transcript.  However, the Rule 1923 statement only states, "[trial] counsel's file notations indicate only the date of the hearing, the courtroom, the names of parties and the revocation sentence, which are all consistent with th[e] information as it appears in the CPCMS docket for this case for January 25, 2013.  The file notations also indicate that the matter involved technical violations only."  Pa.R.A.P. 1923 Statement, 7/31/14, at 1.  Although the parties' briefs refer to a ***Gagnon II*** Summary Sheet, said sheet is not contained within the certified record.  However, given the parties' agreement on the nature of the violations, the absence of transcripts does not preclude our analysis as to the trial court's determination that Appellant violated the terms of his probation.

among other things, he failed to comply with his sexual offender treatment program), *affirmed*, 80 A.3d 1180 (Pa. 2013).

Appellant also avers that the trial court failed to comply with Section 9771(c) of the Sentencing Code when it ordered him to serve a sentence of confinement. ***Anders*** Brief at 11-12. We note that this issue pertains to the discretionary aspects of the sentence. ***Commonwealth v. Schutzues***, 54 A.3d 86, 98 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013). It is axiomatic that in this Commonwealth, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Tobin***, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant raises an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

In the case *sub judice*, Appellant filed a timely notice of appeal, but an untimely motion for reconsideration of sentence. Furthermore, the record does not contain the transcripts from the trial court's proceedings, nor does the Rule 1923 statement indicate that this issue was raised in the trial court. As there is no indication that this issue was ever properly presented to the trial court for it to review, we deem it waived on appeal. *See id.*; Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]").

In the second issue raised in the *Anders* brief, Appellant avers that his sentences are illegal. *Anders* Brief at 12. We begin by noting that a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*. *Orellana*, *supra* at 883 n.7 (citation omitted); *see also Commonwealth v. Borovichka*, 18 A.3d 1242, 1254

(Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction[]").

It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted). Furthermore, in the context of revocation proceedings, "[u]pon resentencing, the court is vested with the same alternatives it initially possessed." ***Commonwealth v. Mazzetti***, 44 A.3d 58, 65 (Pa. 2012); ***accord*** 42 Pa.C.S.A. § 9771(b).

Instantly, the trial court imposed a new sentence of two to four years' imprisonment, plus two years' probation for indecent assault, and no further penalty for corruption of minors. The indecent assault count in this case was graded as a third-degree felony, for which the statutory maximum is seven years. 18 Pa.C.S.A. § 1103(3). Therefore, Appellant's maximum sentence is four years' imprisonment, with a two year probationary tail, for a total maximum sentence of six years. ***See, e.g.***, ***Commonwealth v. Crump***, 995 A.2d 1280, 1284 (Pa. Super. 2010) (stating, "a defendant cannot be given a term of probation which exceeds the statutory maximum[]"). As the

total sentence is less than the statutory maximum for a third-degree felony, Appellant's new sentence is not illegal.

In the last issue in the **Anders** brief, Appellant avers that the trial court abused its discretion when it did not decide his motion for reconsideration of sentence. **Anders** Brief at 13. As noted above, the trial court imposed the new sentence in open court on January 25, 2013. Pennsylvania Rule of Criminal Procedure 708(E) states that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition." Pa.R.Crim.P. 708(E). Here, the motion for modification of sentence was untimely filed on February 15, 2013, 21 days after the imposition of sentence. Although the trial court had jurisdiction over the case until Appellant's notice of appeal was filed, it was not required to address a motion that was not timely filed. **See, e.g.**, **id.** (stating, "[t]he filing of a motion to modify sentence will not toll the 30-day appeal period[]"); **accord Commonwealth v. Heilman**, 876 A.2d 1021, 1026 (Pa. Super. 2005) (citations omitted). As a result, this third issue lacks merit.

Based on the foregoing, we agree with counsel that the three issues raised in the **Anders** brief are devoid of merit. In addition, we have reviewed the certified record consistent with **Flowers** and have discovered no additional arguably meritorious issues. Accordingly, we grant counsel's petition to withdraw and the trial court's January 25, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016