J-S11039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DURRELL JOHNSON, :
:
Appellant : No. 232 EDA 2016

Appeal from the Judgment of Sentence September 30, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0006498-2012,
CP-51-CR-0006499-2012

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED MAY 09, 2018**

Durrell Johnson ("Johnson") appeals, *pro se*,[1] from the judgment of

sentence imposed following his convictions of two counts each of attempted

murder and aggravated assault, and one count each of carrying a firearm

without a license, carrying a firearm in public in Philadelphia, and persons not

to possess firearms.[2]  We affirm.

The trial court set forth the factual history underlying this appeal as

follows:

> On February 21, 2012, around 2:00 p.m., Kevin Vancliff
> [("Vancliff")] and his pregnant girlfriend, Michelle Page [("Page")],
> were walking in the area of 23rd and Latona Streets in
> Philadelphia.    Nearby, Sakhadin Slomidze [("Slomidze")], a

---

[1] After a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa.
1998), conducted on March 23, 2016, the trial court permitted Johnson to
proceed *pro se* on appeal.

[2] **See** 18 Pa.C.S.A. §§ 901(a), 2702(a), 6106(a)(1), 6108, 6105(a)(1).

bricklayer, was laying bricks. Suddenly, [Johnson] exited from a green Pontiac driven by his co-conspirator, Preston Worthem [("Worthem")], pulled out a gun, and fired five times. [Johnson] struck [] Vancliff in the back and [] Slomidze in the buttocks and the wrist. Once the shooting started, [] Vancliff pushed his pregnant girlfriend, [] Page, down onto the ground and then ran away. [] Page witnessed [Johnson] firing the gun and jumping into the green Pontiac, which then fled the scene. So terrified and traumatized was [] Page, that she urinated on herself, went into false labor after giving police a statement[,] and was rushed to the hospital.

[] Page told police that she had known [Johnson] since she was twelve years old and positively identified [Johnson] from a police photo array as the man who shot [] Slomidze and Vancliff. [] Page identified [Worthem] as the man who was driving the green Pontiac. She told police that she had seen both [Johnson and Worthem] in a green Pontiac about five minutes before the shooting. Police found five spent shell casings where the shooting took place. A corner store nearby the shooting had a video camera[,] which showed a green Pontiac matching the description given by [] Page turning down Latona Street shortly before the shooting occurred. On February 22, 2012, police stopped a green Pontiac containing both [Johnson] and [Worthem]. The police arrested them.

Trial Court Opinion, 6/23/16 at 3-4 (citations to record omitted).

The trial court summarized the procedural history as follows:

On March 26, 2013, a jury … found [Johnson] [] guilty of the charges of Attempted Murder (two counts), Aggravated Assault (two counts), Carrying a Firearm Without a License, and Carrying Firearms On Public Streets Or Public Property In Philadelphia. By agreement, th[e trial c]ourt also found [Johnson] guilty of Possession of a Firearm by a Prohibited Person[,] because the jury convicted him of weapon offenses. On May 30, 2013, th[e trial c]ourt sentenced [Johnson] to consecutive terms of imprisonment of ten (10) to twenty (20) years [of] incarceration for each Attempted Murder [conviction], [and] five (5) to ten (10) years [of] incarceration for Possession of a Firearm by a Prohibited-Person[,] to run consecutive to the Attempted Murder sentence. The remaining sentences of four (4) to eight (8) years [of] incarceration for Carrying a Firearm Without a License[,] and one

(1) [to] two (2) years [of] incarceration on Carrying Firearms in Philadelphia[,] were to run concurrent with Possession of a Firearm by a Prohibited Person. The total sentence equaled twenty-five (25) to fifty (50) years [of] incarceration, with the sentence for CP-51-CR-0006498-2012 [(hereinafter "No. 6498-2012")] totaling nineteen (19) to thirty-eight (38) years [of] incarceration. One of the two above[-]referenced Attempted Murder and Aggravated Assault counts were [docketed separately at] CP-51-CR-0006499-2012 [(hereinafter "No. 6499-2012")]. On June 5, 2013, [Johnson] filed a Motion for Reconsideration of Sentence. On June 28, 2013, [Johnson] filed a Notice of Appeal, which was subsequently quashed by the Superior Court as interlocutory on October 28, 2013. On October 31, 2013, [Johnson's] Motion for Reconsideration of Sentence was denied by operation of law. On that same day, [Johnson] filed another Notice of Appeal.

On June 30, 2014, th[e trial c]ourt issued an Opinion pursuant to Pa.R.A.P. 1925([a]) stating, *inter alia*, [that Johnson's] sentence[, imposed at No. 6498-2012,] was [unlawful and] manifestly excessive[,] and recommending [that] the Superior Court vacate the judgment of sentence and remand for re-sentencing. On March 3, 2015, the Superior Court vacated the sentence [at No. 6498-2012] and remanded the case back to th[e trial c]ourt for [the sole purpose of] re-sentencing ["to correct the sentencing errors" pointed out by the trial court. ***Commonwealth v. Johnson***, 120 A.3d 1043 (Pa. Super. 2015) (unpublished memorandum) (hereinafter referred to as "the initial direct appeal")[3]]. On September 30, 2015, th[e trial c]ourt re-sentenced [Johnson, at No. 6498-2012, to rectify its previous "sentencing errors,"] to the following: a term of ten (10) to twenty (20) years [of] incarceration for Attempted Murder[,] and a term of five (5) to ten (10) years [of] incarceration for Possession of a Firearm by a Prohibited Person[,] to run consecutively. The remaining sentences[, *i.e.*,] a term of three (3) years and six (6) months to seven (7) years [of] incarceration for Carrying Firearms without a License[,] and a term of one (1)

---

[3] Notably, Johnson presented only two issues in the initial direct appeal: a challenge to (1) the weight of the evidence supporting his convictions; and (2) the excessiveness of his sentence. ***Johnson***, 120 A.3d 1043 (unpublished memorandum at 4). Despite remanding for resentencing, the panel affirmed Johnson's convictions, and rejected his weight claim. ***See id.*** at 7-9, 11.

to two (2) years [of] incarceration for Carrying Firearms in Philadelphia[,] were to run concurrent with the sentence for Possession of a Fire[arm] by a Prohibited Person. Thus, the total sentence [imposed] for [No. 6498-2012] was fifteen (15) to thirty (30) years [of] incarceration. [Johnson] was previously sentenced to serve ten (10) to twenty (20) years [of] incarceration in the case listed a[t] [No.] …6499-2012[,] which was not vacated and which was designated to run consecutively [to] th[e] sentence [imposed at No. 6498-2012]. Thus, [Johnson's] total sentence for both cases was twenty-five (25) to fifty (50) years [of] incarceration.

On October 17, 2015, [Johnson] filed a *pro se* Motion for Reconsideration of Sentence. On December 4, 2015, th[e trial c]ourt denied [Johnson's] [M]otion. On December 26, 2015, [Johnson] filed a Notice of Appeal from the … Judgment of Sentence.

Trial Court Opinion, 6/23/16 at 1-3 (footnote added, footnotes in original omitted).

Following a procedural history that is not relevant to the instant appeal, in March 2017, this Court granted Johnson leave to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Johnson then filed a timely Concise Statement, in response to which the trial court issued a Supplemental Pa.R.A.P. 1925(a) Trial Court Opinion.

In this timely appeal, Johnson raises the following questions for our review:

  A. Did the trial court err[] in not appointing counsel to [represent Johnson] for the purpose of appeal to Docket [No.] …6499-2012?

  B. Did the trial court err[] in admitting the prior inconsistent statement of an absent declarant[,] who did not testify at [Johnson's] attempt[ed] murder trial and was not subject to cross[-]examination[,] and did the trial court violate the rule

established in ***Commonwealth v. Brady***, 507 A.2d 66 ([Pa.] 1986), the Confrontation Clause of [Johnson's] Sixth Amendment Right [*sic*] of the United States Constitution, the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and Pa.R.E[]. [] 803.1(1)?

C. Did the trial court err[] in admitting the prior statement of identification of an absent witness who did not testify at [Johnson's] attempt[ed] murder trial[, and was] therefore unavailable for cross-examination?

D. Did the trial court have statutory authorization to impose [Johnson's] sentences pursuant to 18 Pa.C.S. § 1103 and § 1104 in Docket [No.] …6498-2012 and [No.] …6499-2012?

Brief for Appellant at 4 (capitalization omitted).

Preliminarily, we must address whether Johnson has preserved his issues for our review. Concerning his first three issues, each raises a claim that is unrelated to the sentence imposed upon resentencing, following this Court's remand. As discussed above, in the initial direct appeal, we affirmed Johnson's convictions, vacated his judgment of sentence, and remanded for the *limited purpose* of the trial court correcting the errors that it conceded it had made in originally sentencing Johnson at No. 6498-2012. ***See Johnson***, 120 A.3d 1043 (unpublished memorandum at 11). It is well established that "following [a] remand for the limited purpose of correcting an illegal sentence," an appellant, in a subsequent direct appeal, cannot "litigate claims that fall outside the scope of the remand." ***Commonwealth v. Cook***, 175 A.3d 345, 350 (Pa. Super. 2017); ***Commonwealth v. Anderson***, 801 A.2d 1264, 1266 (Pa. Super. 2002) (stating that where the appellant had raised, in his original direct appeal, solely a challenge to the unconstitutionality of his

- 5 -

sentence, and "succeeded on th[is] issue[,] and [was] re-sentenced following remand, appellant could not file another direct appeal attacking his conviction: the only issues reviewable in a direct appeal would be challenges to the sentence imposed following remand."); *see also Commonwealth v. McKeever*, 947 A.2d 782, 785-86 (Pa. Super. 2008) (same). Accordingly, we are precluded from addressing Johnson's first three issues, and will proceed to address his final issue.

Johnson argues that the trial court imposed an illegal sentence on remand. *See* Brief for Appellant at 17-21.

"The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (citation and brackets omitted)). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Hughes*, 986 A.2d 159, 160 (Pa. Super. 2009) (citation omitted); *see also Commonwealth v. Messmer*, 863 A.2d 567, 571 (Pa. Super. 2004) (stating that "[a] sentence that exceeds the statutory limits of an offense is an illegal sentence which the court has no jurisdiction to impose.").

Preliminarily, we note that the initial direct appeal concerned only No. 6498-2012, not No. 6499-2012, and this Court vacated and remanded only the sentence imposed at No. 6498-2012. Accordingly, to the extent that

Johnson purports to challenge his sentence at No. 6499-2012, such claim is not properly before us. *See Cook*, *supra*.

Johnson summarizes his challenge to his sentence as follows:

> 42[]Pa.C.S.[]§[]9721(a)[4] … prevents the trial court from imposing any sentences of "terms of imprisonment" in [] 18[]Pa.C.S.[]§[]1103 and 18[]Pa.C.S.[]§[]1104[5] unless a mandatory minimum is prescribe[d] by law[,] and prevents the trial court from imposing any sentences of "terms of imprisonment" because 18[]Pa.C.S.[]§[]1103 and 18[]Pa.C.S.[]§[]1104 only authorizes "terms of imprisonment[,]" which is not one of the selective alternatives [*sic*] that a judge can consider pursuant to 42[]Pa.C.S.[]§[]9721(a) ….

---

[4] Section 9721(a) provides as follows:

> **(a)  *General rule.* —** In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
>
> (1) An order of probation.
>
> (2) A determination of guilt without further penalty.
>
> (3) Partial confinement.
>
> (4) Total confinement.
>
> (5) A fine.
>
> (6) County intermediate punishment.
>
> (7) State intermediate punishment.

42 Pa.C.S.A. § 9721(a).

[5] Sections 1103 and 1104 of the Crimes Code set forth the statutory maximum sentences that are authorized for the respective degrees of felony and misdemeanor offenses. *See* 18 Pa.C.S.A. §§ 1103, 1104.

Brief for Appellant at 18 (footnotes added). Johnson contends that his sentence is illegal because a "term of imprisonment" is not one of the enumerated sentencing alternatives in subsection 9721(a). Brief for Appellant at 18-19; *see also id.* at 19 (asserting that "there is a well[-]documented distinction between a term of imprisonment and total confinement."); *see also* 42 Pa.C.S.A. § 9721(a)(4) (authorizing "[t]otal confinement" as a sentencing alternative).

Contrary to Johnson's claim, it is immaterial that subsection 9721(a) does not specifically list a "term of imprisonment" as an authorized sentencing alternative, as this term and "total confinement" are synonymous. *See, e.g., Commonwealth v. Kyle*, 874 A.2d 12, 17 (Pa. 2005) (stating that "[t]he plain and ordinary meaning of imprisonment is confinement in a correctional or similar rehabilitative institution …") (emphasis omitted).

Moreover, the record is clear that the sentences imposed upon resentencing were all within the respective statutory maximums contained in 18 Pa.C.S.A. §§ 1103 and 1104,[6] and they are thus lawful, contrary to Johnson's bald claim. *See Messmer*, *supra*.

---

[6] Concerning Johnson's conviction of attempted murder, the trial resentenced him to ten to twenty years in prison, which is within the twenty-year maximum sentence authorized for this first-degree felony under 18 Pa.C.S.A. § 1103(1). As to the conviction of persons not to possess firearms, the court imposed a sentence of five to ten years in prison, which is within the ten-year maximum sentence authorized for this second-degree felony under 18 Pa.C.S.A. § 1103(2). Moreover, Johnson's sentences for his remaining convictions at No. 6498-2012 were within the respective statutory maximums under sections 1103 and 1104.

Finally, to the extent that Johnson argues that his sentences are unlawful in the absence of a mandatory minimum, **see** Reply Brief for Appellant at 10, we reject this contention based on the following sound reasoning of the trial court, which is supported by the law:

> [Johnson] [] argues without merit that the [trial c]ourt is deprived of statutory authority to sentence a defendant in the absence of a mandatory minimum. In support of his claim, [Johnson] cites [42 Pa.C.S.A.] §[]9721(a.1)(1), which states: "Unless specifically authorized under section 9763 (relating to a sentence of county intermediate punishment) or 61 Pa.C.S. Ch. 41 (relating to intermediate punishment), subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law." However, this statute has never been interpreted to read as depriving courts from any sentencing authority in the absence of a mandatory minimum. **See Com. v Mazzetti**, 44 A.3d 58, 63 (Pa. 2012). To the contrary, the statute has been interpreted as granting courts the discretion to sentence defendants to any type of sentence within the scope of [subsection] 9721(a). **Id.** (holding that the court has the authority to consider and select from various statutorily-defined sentencing alternatives in the absence of a mandatory minimum sentence). In the instant case, there was no applicable mandatory minimum, and th[e trial c]ourt, within its discretion[,] sentenced [Johnson] to a term of imprisonment within the scope of [subsection] 9721(a).

Trial Court Opinion, 6/23/16 at 6.

Accordingly, as the trial court did not impose an illegal sentence upon resentencing, Johnson's sole preserved issue on appeal fails. We thus affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/18